## HENRY R. BOND

*v.*

## THE PENNSYLVANIA COMPANY.

*Opinion filed February 14, 1898.*

1. PLEADING—*after answering, defendant cannot demur a second time to whole amended bill.* The right to demur a second time to the whole bill, upon amendment, can be exercised only when the amendment is made and the demurrer filed before an answer is put in.

2. SAME—*demurrer to bill, amended after answer, is confined to matter of amendment.* Where, after answer, a bill is amended, a demurrer to the amended bill overruled and the original answer allowed to stand to the amended bill, upon a second amendment setting up a new ground of relief the defendant will be confined in his second demurrer to matters set up in the last amendment.

3. RAILROADS—*steam railroad cannot use street, where fee is in abutting owner, without condemning his interest.* The construction and operation of a steam railroad in a public street, the fee of which is in the abutting owner, constitutes an additional servitude, and before a railroad company can lawfully appropriate the street it must condemn the abutting owner's interest, although authorized by city ordinance to lay its tracks therein.

4. INJUNCTION—*owner of fee in public street may enjoin construction of steam railroad.* An abutting owner who owns the fee in a public street may enjoin a steam railroad company from constructing and operating its railroad therein to the practical exclusion of the public, where no compensation for his interest has been made, even though the company is acting under a city ordinance. (*Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510, distinguished.)

*Bond* v. *Pennsylvania Co.* 69 Ill. App. 507, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

RITCHIE, ESHER & WOOLLEY, for appellant:

A demurrer on the ground of "adequate remedy at law" is too late after defendant has once answered. *Ammis* v. *Meyers*, 16 How. 42; *Bank* v. *Utica*, 4 Paige, 400; *Cummings* v. *Brooklyn*, 11 id. 602; *Mentz* v. *Cook*, 108 N. Y. 504; *Tarbell* v. *Bowman*, 103 Mass. 345; *Gifford* v. *Thorn*, 3 Halst. Ch. 97.

By answering after the first demurrer was overruled, defendant waived the objections raised by that demurrer. *Bauerle* v. *Long*, 165 Ill. 345.

A second amendment to the bill does not entitle defendant to demur upon any ground that existed previous to his answer. 1 Ency. of Pl. & Pr. 491; *Hardie* v. *Bulder*, 66 Miss. 577; 1 Daniell's Ch. Pr. 582; *Keene* v. *Wheatley*, 9 Am. L. Reg. 60; *Ellice* v. *Goodson*, 3 M. & C. 659; *Attorney General* v. *Cooper*, 8 Hare, 166; *Dillon* v. *Davis*, 3 Tenn. Ch. 395; *Atkinson* v. *Hanway*, 1 Cox, 360; *Knight* v. *Matthews*, 1 Md. Ch. 566; *Salkeld* v. *Phillips*, 2 Y. & C. Exch. 580.

The fee owner's interest in a street is a substantial one, for the invasion whereof he is entitled to redress in the courts, apart from any injury to his adjoining premises. *Railroad Co.* v. *Hartley*, 67 Ill. 439; *Stetson case*, 75 id. 76; *Railroad Co.* v. *Railway Co.* 156 id. 263; *Barrows* v. *Sycamore*, 150 id. 588; *Railroad Co.* v. *Railway Co.* 15 Ill. App. 593; *Railroad Co.* v. *Railway Co.* 115 Ill. 375.

In the case of the owner of the fee the mere fact of invasion constitutes a "special" injury, and entitles the owner to an injunction if the invasion promises to be permanent. *Railroad Co.* v. *Witherow*, 82 Ala. 190; *Osborn* v. *Railroad Co.* 147 U. S. 258.

It is generally held that where the fee of the street is in the abutting owner he may have the same remedies to prevent the use or occupation of his land as though the street did not exist, and, consequently, may enjoin its use by a railroad company until the right has been lawfully acquired, by condemnation or otherwise. Lewis on Eminent Domain, sec. 635.

Injunctions have been denied to restrain railways from occupying the streets of cities with their tracks by consent of the municipal authorities. But where the fee is in the abutting owner, the use of the street without compensation may be restrained by injunction. 1 Redfield on Railways, (6th ed.) 322.

LOESCH BROS. & HOWELL, for appellee:

An amendment to the bill does not enable a defendant who has answered the original bill to demur to an amended bill upon any cause of demurrer to which the original bill was open, unless the nature of the case made by the bill has been changed by the amendments. 1 Daniell's Ch. Pr. 409.

Every abutting owner is entitled to damages in an action at law for any injuries he may suffer from the construction of a railroad in the street, irrespective of the question who owns the fee of such street. 2 Dillon on Mun. Corp. (4th ed.) secs. 702-704 *a.*

Where an additional use of a street has been granted by the city to build and operate a street railroad, an injunction will not be granted to restrain the construction or operation of the road at the suit of an abutting property owner. *Doane* v. *Railroad Co.* 165 Ill. 510.

Where the fee of the street remains in the abutting land owner, the corporation may grant the right to a railway company to lay its tracks along or across any street, but the company avails of its privilege at its peril. If, in laying its tracks, it causes a private injury to him who owns the fee in the adjoining premises, it must make good the damages sustained. *Railroad Co.* v. *Hartley*, 67 Ill. 439.

It is a legitimate use of a street or highway to allow a railroad track to be laid down in it, and in doing it the city is not liable for any damages which may accrue to individuals. *Murphy* v. *Chicago*, 29 Ill. 279.

It is within the discretion of municipal authorities to permit steam railroad tracks to be laid and such roads to be operated in the public streets, and such appropriation of the streets is not a new use thereof or an additional burden thereon in any such sense as will entitle an abutting property owner to enjoin such use of the street on which his property fronts. *Corcoran* v. *Railroad Co.* 37 Ill. App. 417.

Mr JUSTICE CARTER delivered the opinion of the court:

This was a bill for an injunction, filed by appellant in the circuit court of Cook county October 28, 1889, against the appellee and others, to restrain the laying of additional railroad tracks in Stewart avenue, a public street in the city of Chicago, and the erection of a fence along the east line of the west sixty-six feet of and in Stewart avenue, along and past the abutting property of appellant, in accordance with an ordinance of the city of Chicago passed July 21, 1887, granting to the Pittsburgh, Fort Wayne and Chicago Railway Company, its lessees and successors, (here represented by appellee,) the right to lay down and operate two additional tracks in such portion of Stewart avenue. The bill was afterwards dismissed as to all defendants except appellee. It was answered by appellee on December 18, 1889, and this answer, after a demurrer was overruled, was, on motion of appellee, ordered to stand as an answer to the bill as amended July 14, 1893. The cause was referred to a master, and after some proof had been taken the amended bill was again amended August 27, 1895, to which bill as secondly amended appellee demurred. The demurrer was sustained, and the bill dismissed for want of equity December 15, 1896. The Appellate Court has affirmed the decree, and appellant has appealed to this court.

The first point made on this record is, that after appellee had answered the original bill it could not demur to the amended bill upon any ground alleged previous to its answer. The reasons set forth in the last demurrer are, that appellant had not, in or by his amended bill, made or stated a case which ought to entitle him to any relief. Inasmuch as appellee had answered the original bill, and, after demurring to it as first amended, asked leave to have its answer stand to the bill as amended, it was precluded from demurring to the bill as secondly amended on any ground that had already been answered,

for one cannot answer and demur to the same matter at the same time; and after having answered the original bill, if the same is amended the defendant cannot put in a general demurrer to the whole bill, because the answer will overrule the demurrer. The right to demur a second time to the whole bill, upon amendment made, applies only to cases where the amendment is made and the demurrer filed before the answer is put in. Appellee should have confined its demurrer to the matter set up in the last amendment. (1 Ency. of Pl. & Pr. 491; 6 id. 414, 430; 1 Daniell's Ch. Pr.—6th Am. ed.—409.) The last amendment did not abandon any of the original grounds for relief, but set up an additional ground.

The original bill, as first amended, alleged that appellant was the owner in fee simple of lots 1 and 2, of block 1, in the United States Bank addition to the city of Chicago; that lot 1 fronted on Stewart avenue, and that he was also the owner in fee of the east sixty-six feet of Stewart avenue in front of said lot, subject to the public easement for a street; that appellee, without offering to compensate him and without authority of law, but solely under the pretended authority of an invalid ordinance, was about to lay down and use certain railroad tracks lengthwise upon and over all that portion of Stewart avenue owned by appellant, and that thereby it would take exclusive possession of the same and destroy the use of such street by the public, and that no steps had ever been taken by appellee to condemn appellant's property rights in such street for such additional right of way, nor to assess his damages. In the last amendment appellant alleged that the appellee owned a number of tracts of land along the line of said Stewart avenue, and that both he and it derived their title to their lands from the same remote grantor by *mesne* conveyances, being the original platter of the addition and dedicator of the streets after the making and laying out of the said United States Bank addition. In its answer appellee denied that

appellant owned the fee in Stewart avenue, and claimed that it was in the city of Chicago.

As the court dismissed the bill for want of equity upon the demurrer, and as counsel on both sides have argued the case on the theory that its merits may be determined in that manner, we have thought it best to consider the principal questions as if properly raised by the demurrer to the whole bill as secondly amended. For the purposes, then, of this decision it must be taken, as alleged in the bill, that appellant is the owner of the fee in that part of the street mentioned in the bill, subject to the public easement, and the principal question presented by the record is, whether an owner of land abutting upon a public street, who owns the fee in such street subject to the public easement, can enjoin the laying of tracks upon and the use and occupation of such street by a steam railroad company, to the practical exclusion of the public from so much of such street as is so occupied, where no compensation to such owner has been ascertained or made, but where such company is acting under authority of an ordinance of the municipality. The mere statement of the question would seem to imply its logical answer. It has, however, been decided by this court in many cases that the construction and operation of a street railway in a public street impose no new servitude upon the land, but that such a use of the street is but another mode of using it for public travel, and is entirely consistent with the objects and purposes for which streets are opened and used by the public. See *Chicago, Burlington and Quincy Railroad Co.* v. *West Chicago Street Railroad Co.* 156 Ill. 255, and cases cited, where it was said that the weight of authority is in favor of the position that a street railway is not an additional servitude, even where the fee of the street is in the abutting owner, but that the rule is otherwise as to steam railroads.

It has also been held that where authority has been given by law to a steam railroad company to lay tracks,

run trains thereon and to operate its road in a public street the fee of which is in the municipality, the owner of abutting property cannot enjoin such use and occupation of the street, but is remitted to his action at law to recover any damages which he may sustain by reason of such occupation and use of such street; and the reasons given are, that there is no taking and appropriation of his property, nor direct injury to it; that his damages are consequential, if any are suffered, and that it cannot be known in advance that he will be damaged at all, and that the railroad company cannot be required to proceed to condemn and pay damages to all who may be incidentally injured in their property rights, before it can construct its road upon a right of way to which such abutting owners have no title. (*Stetson* v. *Chicago and Evanston Railroad Co.* 75 Ill. 74; *Truesdale* v. *Peoria Grape Sugar Co.* 101 id. 561; *Peoria and Rock Island Railway Co.* v. *Schertz,* 84 id. 135; *City of Olney* v. *Wharf,* 115 id. 519; *Penn Mutual Life Ins. Co.* v. *Heiss,* 141 id. 35; *Chicago, Burlington and Quincy Railroad Co.* v. *McGinnis,* 79 id. 269.) But the rule has not been extended to cases where a steam railroad company is about to take and appropriate to its own use a street, or part of it, by laying its tracks and operating its trains upon it, the fee of which street belongs to the owner of the abutting property. In such a case it is held that the occupation and use by the company of the street create an additional servitude upon it, as not being part of the ordinary uses to which a public street may be devoted in facilitating public travel, or within the purposes of its dedication. And it was held in *Indianapolis, Bloomington and Western Railroad Co.* v. *Hartley,* 67 Ill. 439, that the owner of abutting property, who also owns the fee of the street, may maintain trespass against the company for laying its tracks upon and using the street for its purposes as right of way, although authorized to do so by ordinance passed under power conferred by the legislature. See, also, *Board of Trade Tel. Co.* v. *Barnett,* 107 Ill. 507, and *Chicago, Burling-*

*ton and Quincy Railroad Co.* v. *West Chicago Street Railroad Co. supra.*

In *Elmore* v. *Drainage Comrs.* 135 Ill. 269, citing the *Hartley* and *Barnett cases*, it was said (p. 278) in a case brought by a land owner for damages: "If, however, by the enlargement of the district an additional burden of water was precipitated upon his lands, to his detriment, it would seem that prior to the discharge of such additional water upon the lands the damages consequent upon such enlargement should have been assessed by a jury and paid by the district." True, it was said in *Penn Mutual Life Ins. Co.* v. *Heiss, supra,* (on p. 58,) that "this court is probably committed to the doctrine that injunction will not lie at the suit of the abutting property owner when the entry upon and occupation of the street by a railroad is by the authority of the municipal agency invested with the control of such street;" but in that case the fee of the street was in the city, and there had been no physical invasion of the property, and the cases hereinbefore cited were referred to as sustaining the view there expressed, but we have been referred to no case decided by this court where it was held that an injunction would not lie in such a case in favor of the owner of the abutting property, where the fee of the street is in him. It was said in the *Hartley case* (p. 444) that "a distinction has been taken where the municipality granting the right to lay the track owns the fee in the streets and where the fee remains in the abutting land owner, and it seems to us that it rests on sound principle and is supported by the highest authority." Neither the State nor the municipality has the power to grant away the private property of the citizen, and if corporations *quasi* public seek to appropriate it to their exclusive use every principle of justice demands that they should make just compensation, whether the property taken is of little or great value. *Board of Trade Tel. Co.* v. *Barnett, supra.*

Appellant alleges in his bill that the laying of the additional tracks in Stewart avenue and the erection of a fence to the east of such tracks will be an exclusive use of such street by the railroad company, and it would not seem there could be much doubt that such would be the case to the extent the tracks occupy the street; but whether or not the street as widened could be safely and conveniently used for all methods of travel is a question not necessary to consider here; nor is it necessary to consider whether a case for injunction might not be presented where the abutter does not own the fee of the street, but the occupation and appropriation of the street by the company are such as to exclude all other modes of travel and destroy the abutter's right of ingress and egress. (*Ligare v. City of Chicago*, 139 Ill. 46.) In the case at bar there is a threatened appropriation of appellant's property by appellee without compensation. Why has not equity the power to enjoin such appropriation? In *Corcoran* v. *Chicago, Madison and Northern Railroad Co.* 149 Ill. 291, the appellant contended that by reason of the vacation, as he claimed, of a certain street the fee in the same reverted to him, and he sought to enjoin the railroad company from laying its tracks thereon without first condemning the land and making compensation therefor, but it was said that the ordinance was void; and further (p. 295): "Whether, if said ordinances were effectual as vacating a part of the street, the land would revert to the original proprietor, and appellant have such an interest therein, under his lease, as should be first compensated for under the law of eminent domain, it is not necessary here to be determined. If such was the case, it might well be that a court of equity would entertain jurisdiction to prevent the threatened invasion of his rights." In *Cobb* v. *Illinois and St. Louis Railroad Co.* 68 Ill. 233, it was held that complainant was entitled to an injunction restraining the defendant company from entering upon his land and laying a track thereon and removing his soil, and it was said that

an injunction would be granted to prevent a railway company from exceeding the powers granted in its charter. In *Hall* v. *People*, 57 Ill. 307, this court said (p. 316): "No man can be compelled to part with his property without just compensation. This is a constitutional right that he cannot be deprived of by any statute. No corporation, public or private, can appropriate the property of any one to their own use without first tendering or paying the damages assessed under the forms of the law. The party ought not to be driven to his action against a corporation, responsible or irresponsible, for his damages. This would be to take his property without first making compensation, and would be a plain violation of a constitutional right." In *Commissioners of Highways* v. *Durham*, 43 Ill. 86, it was held that it was proper to enjoin the attempted opening of a road before the damages to a land owner had been adjusted. Mr. Lewis, in his work on Eminent Domain, (sec. 631,) says that "it is now almost universally held that an entry upon private property under color of the eminent domain power will be enjoined until the right to make such entry has been perfected by a full compliance with the constitution and the laws."

The railroad, and use of it by appellee, being an additional servitude upon the land used as a public street, the fee of which was in appellant, appellee must first proceed to condemn appellant's interest in the street for its own uses before it can lawfully appropriate it. This view is supported by sound reason and by abundant authority. 6 Thompson on Corporations, secs. 7772, 7773; *Williams* v. *New York Central Railroad Co.* 16 N. Y. 97; *Henderson* v. *New York Central Railroad Co.* 78 id. 423; *Cox* v. *Louisville, New Albany and Chicago Railroad Co.* 48 Ind. 178; *Ford* v. *Chicago and Northwestern Railway Co.* 14 Wis. 609.

Both parties refer to and comment upon *Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510, and other cases of similar character; but in that case it was pointed out that there was no distinction between surface and ele-

vated street railways, and the roads there in question were regarded as street railways, constructed and operated for the public convenience in facilitating travel along such streets.

By his last amendment of his bill appellant alleges that appellee is the owner of lands abutting on this street by title derived through *mesne* conveyances from the same source from which appellant derived his title, —that is, from the maker of the plat, by and upon which plat this street is laid off and platted; and the contention is made, that as both parties and their grantors bought their said respective lots with reference to this street, a contractual relation has been established between appellant and appellee, from which an equitable estoppel arises against appellee in favor of appellant, which deprives the former of any power or right which it might otherwise have to lay said tracks in said street or to obstruct the same. We cannot agree to this view. It does not appear that appellee denies the existence of the street or the legal effect of the plat, but, admitting that the street was properly dedicated and exists as a public street, claims the right to construct and operate its road therein under authority of legislative acts of the city council and the legislature. The estoppel contended for would operate to prevent appellee from constructing its road simply because it was an abutting owner, but would not extend to companies not owning abutting property. We think no such distinction can be drawn. Appellant cites the following cases: *Earll* v. *City of Chicago,* 136 Ill. 277; *Mason* v. *City of Chicago,* 163 id. 351; *Marsh* v. *Village of Fairbury,* id. 401; *Maywood Co.* v. *Village of Maywood,* 118 id. 61; *Zearing* v. *Raber,* 74 id. 409; *Field* v. *Barling,* 149 id. 556; but they do not sustain the view contended for.

Independently, however, of this branch of the bill, as before pointed out, the bill stated a good cause of action, and the trial court erred in dismissing it for want of equity. The judgment of the Appellate Court affirming

the decree, and the decree of the circuit court, will there-
fore be reversed, and the cause is remanded to the circuit
court with directions to overrule the demurrer and to
proceed with the cause.                *Reversed and remanded.*