Pennsylvania Co. v. Bond.

## Pennsylvania Co. v. Henry R. Bond.

| | |
|---|---|
| 99 | 535 |
| a202s | 95 |
| 99 | 535 |
| f112 | ᵇ217 |

1. INJUNCTIONS—*By an Abutting Owner of the Fee in a Public Street, Restraining the Construction of a Steam Railroad.*—An abutting owner of the fee in a public street may enjoin a steam railroad company from constructing and operating its road in such street to the practical exclusion of the public, where no compensation for his interest has been made, even though the railroad company is acting under a city ordinance. (Bond v. Pennsylvania Co., 171 Ill. 508.)

2. SAME—*Restraint of Matters Consummated Pendente Lite.*—Where it appears that the matters sought to be restrained by an injunction have been consummated since the commencement of the suit and the bill is broad enough to entitle the complainant to the relief asked under it, if such matters have been wrongfully accomplished after the commencement of the suit, there is no reason why the decree should not be such as to afford complete relief.

3. DECREES—*When Inoperative.*—In a proceeding against a railroad company to enjoin it from laying new tracks, etc., a decree containing a provision that " if it shall appear that the defendant has or any of its agents, servants or lessors for it have, since the beginning of the suit, laid or caused to be laid, any new tracks on the premises in controversy, then the said company, its officers, agents and lessors, are perpetually restrained from further operating such additional tracks," is inoperative so far as such portion of the decree is concerned.

4. CHANCERY PRACTICE—*Where a Defendant Is Precluded from Demurring to an Original Bill as Amended.*—Where, after the amendment of a bill, a defendant asks and is granted leave to have his answer

to the original bill stand as an answer to the bill as amended, such defendant is precluded from subsequently demurring, except as to new matters set up in the amendment.

5. SUPPLEMENTAL BILLS—*When Unnecessary.*—A supplemental bill is not required to be exhibited in order to bring before the court facts and circumstances occurring after the filing of the original bill and which bear as evidence upon the facts in issue in the original cause. Where any such new matters are relied upon only to establish the facts in issue in the original cause, they are not to be brought forward by a supplemental bill, for they are not properly supplemental matter.

6. PRACTICE—*Distinction Between Law and Equity Regarding Matters Arising Pendente Lite.*—In actions at law, the right to judgment always depends upon the facts as they existed at the commencement of the actions, but such is not the rule in equity. There, the relief to be administered is such as the nature of the case, and the facts as they exist at the close of the litigation, demand.

7. WAIVER—*Of an Error by Failing to Assign it.*—An error existing at the time an appeal is prosecuted and which the party appealing had an opportunity to assign and fails to do so, is deemed to have been waived.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed January 21, 1902.

**Statement.**—This is an appeal from a decree restraining appellant from laying down or constructing any additional railroad track or tracks upon that portion of Stewart avenue in front of lot 1, block 1, in the United States Bank addition to Chicago, and east of the west thirty-three feet of said avenue, and from erecting any fence or wall lengthwise in said avenue upon or along the east line of the west sixty-six feet thereof, and also from operating any locomotive or cars upon such additional tracks.

There is a further conditional provision in the decree, that if it shall appear that said Pennsylvania company, or its lessors for it, have, since the beginning of the suit, laid or caused to be laid any railroad track upon the land in question, or have erected any such fence or wall, then the said defendant is perpetually enjoined from further maintaining or permitting or using such additional tracks or fence, and is directed to remove the same.

The bill shows that appellee is the owner in fee of lots 1 and 2, block 1, of the United States Bank addition to Chicago, situated at the southeast corner of Twenty-sixth street and Stewart avenue, and that he is also owner of the fee of the east half, or thirty-three feet, of Stewart avenue as originally laid out, so far as said avenue abutted on said lot 1 for a distance of about 232 feet north and south. Appellee complains that appellant, without compensation to complainant as owner of the fee in such part of said avenue, without authority of law, and solely upon the authority of an ordinance of the city of Chicago enacted July 21, 1887, is about to lay down and operate certain railroad tracks thereon and to otherwise unlawfully obstruct and appropriate that part of said avenue, the fee of which complainant owns. It is stated in the bill that appellant's railway, consisting originally of two main tracks running along in the west half of Stewart avenue, was owned, prior to July 1, 1869, by the Pittsburg, Fort Wayne and Chicago Ry. Co., which company leased the same to the Pennsylvania Railroad Company July 7, 1889, for 999 years; that the lease was subsequently assigned to appellant, which now holds and operates the said railroad; that July 21, 1887, the P., Ft. W. & C. Ry. Co., its lessees and successors, was authorized by city ordinances of that date to construct and operate two additional tracks in Stewart avenue, provided said company should pay the cost of widening said avenue to ninety-nine feet. The additional thirty-three feet added to the width of the avenue for such purpose was, by condemnation proceedings instituted in accordance with an ordinance of February 14, 1888, taken from appellee's property on the east side of Stewart avenue, and appellee has been duly paid the compensation awarded for the land so taken. The ordinance of July 21, 1887, which granted to the Fort Wayne Company, its lessees and successors, permission and authority to lay down, maintain and operate two additional tracks in Stewart avenue as originally laid out, also provided that besides paying the damages and costs of widening by condemnation proceedings, the com-

pany should also grade, curb and macadamize twenty-three of said additional thirty-three feet, build a wooden sidewalk ten feet wide on the east side of said additional thirty-three feet at its own expense, remove old lamp posts, drains and water-pipes, and replace them within said added thirty-three feet, and complete these improvements before it exercised rights under said ordinance. The company was also required to erect and forever maintain at its own expense on the east line of Stewart avenue as it was laid out before the addition of said thirty-three feet to the east side thereof, a substantial fence of wood, iron, brick or stone of such design and size as should be determined by the city department of public works, with suitable gate at street crossings. Upon completion of these improvements the said railway company and its lessees were by said ordinance authorized to operate engines and trains at an increased rate of speed. It appears that the effect of these ordinances was to authorize the railroad company to construct and operate two additional tracks in the original Stewart avenue, making four tracks in all, and to fence in such tracks, thus exclusively occupying practically the whole of the original street.

It appears from the bill that appellant complied with these conditions, paid for the new thirty-three foot addition, for removing water-pipes and hydrants and for constructing new sewers and making the other improvements, stipulated to be done at its own expense.

The prayer of the bill is that appellant and its lessor may be restrained from proceeding under said ordinance of July 21, 1887, from laying any additional railroad tracks upon Stewart avenue in front of appellee's property, from erecting a fence or wall of any kind along the east side of the west sixty-six feet of said avenue, and from running locomotives or cars at any increased rate of speed authorized by said ordinance. From the decree in favor of appellee, this appeal is prosecuted.

Loesch Brothers & Howell, attorneys for appellant; Frank J. Loesch, of counsel.

RITCHIE, ESHER & KNOBEL, counsel for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The burden of appellee's complaint as shown by his bill is that appellant is about to take possession, with two additional tracks, of the east thirty-three feet of the west sixty-six feet of that part of Stewart avenue lying in front of his property, and to erect a fence along the east line thereof, without compensation to appellee as owner of the fee. The additional thirty-three feet taken to make the original avenue ninety-nine feet wide was condemned, and was paid for by appellant in accordance with the ordinance of July 21, 1887; but the strip thirty-three feet wide in the middle of the avenue as now constituted, and which appellant sought to appropriate and has since appropriated, has not been condemned nor paid for.

The principal question raised by the bill was determined in Bond v. Pennsylvania Co., 171 Ill. 508. The case was then before the Supreme Court on appeal from an order of the Circuit Court dismissing the bill for want of equity upon demurrer; and the principal question presented by the record and decided by the court was as stated in the opinion (p. 513), " whether an owner of land abutting upon a public street, who owns the fee in such street subject to the public easement, can enjoin the laying of tracks upon and the use and occupation of such street by a steam railroad company to the practical exclusion of the public from so much of such street as is so occupied, where no compensation to such owner has been ascertained or made, but where such company is acting under authority of an ordinance of the municipality." It was held that the bill stated a good cause of action, and (p. 517) it was said that " the railroad, and use of it by appellee (the Pennsylvania Company) being an additional servitude upon the land used as a public street, the fee of which was in appellant (appellee here), appellee must first proceed to condemn appellant's interest in the street for its own uses before it can lawfully appropriate it." The case was accordingly sent back to

the Circuit Court with directions to overrule the demurrer and proceed with the cause. This has been done, and a decree entered in the Circuit Court which perpetually enjoins appellant, the Pennsylvania Company, from constructing additional tracks upon that part of Stewart avenue in controversy, and from erecting any fence or wall lengthwise thereon, and grants other relief.

It appears from appellant's answer that the allegations of the bill are conceded to be substantially correct, and there is no dispute as to the material facts. The city ordinance of July 21, 1887, a copy of which is attached as an exhibit to the bill·of complaint, granted to the Pittsburgh, Fort Wayne & Chicago Railway Company, its lessees and successors, permission and authority to lay down, maintain and operate two additional tracks and necessary appurtenances in Stewart avenue as then laid out, sixty-six feet in width, providing the said company (appellant's lessor) should pay the entire cost of widening the avenue to ninety-nine feet, and of grading and improving for street purposes the addition so made. Appellant states in its answer to the bill, that it has complied with the conditions of that ordinance and has already paid the sum of $8,073 for improving the additional thirty-three feet added to Stewart avenue, and for the removal of lamp posts, drain and water pipes, taken from the east half of the original street and replaced upon said newly added thirty-three feet; and that it has paid or is about to pay over $76,000 for viaducts constructed by it in accordance with its contract with the city evidenced by said ordinance of July 21, 1887.

It is first contended by appellant's counsel that as the Pittsburgh, Fort Wayne & Chicago Railway Company is shown by the bill to be the owner and lessor of the railroad operated by appellant, it is therefore a necessary party defendant to the suit. It is said that the privileges granted by the ordinance are granted to the Fort Wayne Company and not to appellant, its lessee. The ordinance shows, however, that the grant is to the Fort Wayne Company, its lessees and successors." The Fort Wayne Company was

originally a party defendant, but has been dismissed from the suit. That was done, however, before the appeal to the Supreme Court. In Bond v. Pennsylvania Co., *supra*, the court refers (171 Ill., p. 511) to the dismissal of the bill as to all defendants except the Pennsylvania Company, appellant herein, and holds that inasmuch as said appellant had asked leave to have its answer to the original bill stand to the bill as so amended, it was precluded from demurring thereafter except to matter set up in a subsequent amendment. The objection now under consideration comes too late, therefore, in any event, whether well founded or not, and the principle of *res adjudicata* applies. An error existing at the time an appeal is prosecuted, and which the party appealing had opportunity to assign, is deemed to have been waived. Ogden v. Larrabee, 70 Ill. 512–513; Hook v. Richeson, 115 Ill. 431–444; Champaign County v. Reed, 106 Ill. 389–392; Smyth v. Neff, 123 Ill. 310, 315. It does not appear, however, that the Fort Wayne Company is a necessary party. The grant of the ordinance was equally to its lessee, the appellant. Neither the Pennsylvania Company, a foreign corporation, nor its lessor, the Fort Wayne Company, a domestic corporation, claims any interest in or title to the land in controversy. Appellant admits that it is itself intending to occupy and lay tracks as alleged in the bill, claiming the right to do so by virtue of the ordinance of July 21, 1887. Appellee by his bill sought to prevent such obstruction and use of the land in question by appellant, the only party apparently of whom he has as yet cause or reason to complain. The objection referred to comes, however, too late, and need not be further considered.

There is a provision in the decree that " if it shall appear said defendant company has, or that its officers, agents, servants or lessors for it, have, since the beginning of this suit, laid or caused to be laid,"'any new track or tracks on said premises in controversy, or if they or any of them have erected the fence in question, then " said company, its officers, agents, servants and attorneys " are perpetually restrained, not only from further operating or using such

additional tracks and from further maintaining, permitting
or using any fence upon said avenue in front of appellee's
property, but it is further ordered " that within thirty days
after the entry of a final decree herein, said defendant com-
pany shall, and it is hereby ordered and decreed to remove
such additional track or tracks and fence from said portion
of said avenue along and past said lot one."

This portion of the decree is doubtless open to objection.
By its terms it becomes effective only if it shall appear that
these things have been done. How it is · to be determined
whether they have been done, the decree does not state.
Why counsel should have submitted to the chancellor a
decree containing such a condition, especially when the
evidence showed the condition had been already fulfilled,
we are at a loss to discover. This part of the decree is by
its terms inoperative. But the master finds that since the
filing of the bill of complaint herein appellant has laid the
two additional tracks upon the premises in controversy, and
has erected a fence along the east side thereof; that it is
now operating trains on said additional tracks, and has vir-
tually appropriated to its exclusive use for railroad purposes
the entire sixty-six feet constituting Stewart avenue as
originally laid out, in front of appellee's property. There
is no dispute as to the correctness of this finding, and the
report is by the decree approved and confirmed. It there-
fore appears that what the bill sought to restrain has been
consummated *pendente lite.* If the bill is broad enough,
and appellee is entitled thereunder to restrain such opera-
tion of trains, and to the removal of the tracks wrongfully
laid since the suit was begun, no reason appears why the
decree should not be such as to afford complete relief.

It is, however, contended in behalf of appellant that to
obtain relief for matters occurring since the suit was begun
appellant should have filed a supplemental bill containing
the necessary allegations. It is true, that matters arising
subsequent to the commencement of a suit should ordina-
rily be set up in a supplemental bill. But in the present
case, the bill avers that appellant threatened to do the

things in question, viz., lay the additional tracks on premises, the fee of which is in appellee, operate trains thereon and erect and maintain the fence, and it was to prevent such action, the bill was filed. No new facts, therefore, have arisen since the commencement of the suit, except that appellant has done and is still doing what the bill stated it was about to do. This proof was certainly admissible. It sustained the charge as to appellant's intention, by showing that such intention had been fulfilled. The decree, therefore, so far as it seeks to restrain the use and directs the removal of the tracks, merely directs the restoration to such extent of the *status quo*. This is, we think, in the power of the chancellor under the original bill and the prayer for general relief. Supplemental bills are not required to be exhibited in order to bring before the court those facts and circumstances occurring since the filing of the original bill, which bear as evidence upon the facts in issue in the original cause. "For if the new facts and circumstances are relied on as evidence only to establish the facts in issue in the original cause, they should not be brought forward by a supplemental bill, for they are not properly supplemental matter." Story's Equity Pleadings, Sec. 337. The facts, therefore, appearing properly in evidence and undisputed, it would be superfluous to require them to be set up in a supplemental bill, and equity does not require a useless thing. We know of no reason why, under the prayer for general relief, the decree in this case should not give such relief as the evidence justifies. In Lyster v. Stickney, 12 Fed. Rep. 609, a suit to set aside a conveyance executed under a threat that the defendant would take the life of the plaintiff, leave to file a supplemental bill alleging that in pursuance of such threat, the defendant had taken the plaintiff's life, was denied to the administrator, the fact being competent as evidence of continuing duress. In Adams v. Dowding, 2 Maddocks, 52–61, it is said that "where there is no alteration in the interest of the parties, nor any particular circumstance requiring further discovery, but where only a fact has occurred,

which might be proved on taking the account prayed by the original bill, and the relief is not varied by the supplemental matter, but the plaintiff might have the relief prayed for by such bill under the original bill, a supplemental bill is improper." So in the case before us, the complainant is entitled to such relief as is within the scope of his bill under the general prayer for relief. In Brown v. Miner, 128 Ill. 148–157, the complainant was allowed in a foreclosure decree the amount of his advances for taxes paid subsequently to the filing of his bill "under the general prayer for relief and without filing a supplemental bill." In Kelly v. Galbraith, 186 Ill. 593, the decree ordered payment of rent which accrued under a lease after the filing of the bill, no supplemental bill having been filed. It is there said: "Undoubtedly the rule in actions at law is, that the right to judgment depends upon the facts as they exist at the commencement of the action, but such is not the rule in equity. The relief administered in equity is such as the nature of the case, and the facts as they exist at the close of the litigation, demand." It was held (p. 611) that as the rights of the appellants were in no way prejudiced by the failure to file a supplemental bill the decree would not be reversed. In Pennsylvania Railroad Company's Appeal, 115 Penn. State Rep. 514, the bill prayed that the railroad company "may be restrained by injunction from constructing said railway track or maintaining the same upon said public highway," and for other relief. There was no supplemental bill. The court says: "No remedy is complete that does not require removal of the track laid since the defendants had notice of the action."

In New Haven Clock Co. v. Kochersperger, 175 Ill. 383–385–395, it is said that where, after a bill for injunction has been filed, and the court acquired jurisdiction of the subject-matter and the parties, the defendant does the act which the bill seeks to enjoin, such act "will be subject to the power of the court to compel a restoration of the status or to enforce such other relief as may be proper."

It is further contended, as stated by appellant's counsel,

that "the agreement made by appellee with appellant's lessor to accept $22,500, in the condemnation suit brought by the city against appellee for his compensation and damages for the land taken for widening Stewart avenue, the entry of judgment in accordance with said agreement, the payment of the judgment by appellant and receipt by appellee of the money so paid, the payment of large sums of money by the railway companies for land acquired and work performed, all said acts of the city and railway companies being done to the knowledge of appellees in pursuance of the ordinance of July 21, 1887, giving the Fort Wayne Company and its lessees the right to lay additional tracks in Stewart avenue and requiring them to lay out a new street and to build a fence on the east line of old Stewart avenue, will in equity estop appellee from enjoining appellant's use of Stewart avenue in accordance with said ordinance."

The condemnation suit in which the compensation paid appellee for what was taken from the frontage of his land to widen Stewart avenue, an additional thirty-three feet, was fixed at $22,500, settled appellee's claims for compensation and damages for such taking by the city of Chicago. The fact that the amount of the judgment was agreed upon between the parties before it was entered, is of no consequence. It was the judgment, not how the amount was determined, which concluded the parties. That judgment was rendered exclusively for the amount awarded as compensation and damages for the land actually taken in that proceeding. The fact that it was known to appellee when such condemnation proceeding was instituted that the railway companies were to pay whatever judgments were rendered therein against the city, does not change the status nor affect the rights of appellee. The fact that it was also known to the latter that the proceedings were taken in accordance with the arrangement evidenced by the ordinance of July 21, 1887, between the city of Chicago and the railway companies, does not preclude appellee from asserting his right to be compensated for any other property sought

by that arrangement to be taken for the use of the rail-roads. Appellee was not a party to the arrangement between the city and the companies. He had a right to assume that said companies expected and intended to take such legal proceedings as might be necessary to acquire the right to use the street by condemnation. It does not appear that the $22,500 was paid for anything but compensation for the land actually taken in that proceeding, and nothing has occurred to which our attention has been called, which in equity bars appellee from maintaining his bill.

The original bill sought to declare the ordinance of July 21, 1887, void, but this was stricken out by subsequent amendment, and no such claim is now made.

It is said that at the most appellee was only entitled to an injunction until his easement has been condemned by due process of law, and that hence the perpetual injunction is erroneous. Such injunction, however, would cease to operate whenever appellant acquires a legal right to maintain and use a part of the street in controversy.

A motion was made here for an attachment against the railroad company, and we are now asked to compel appellant to furnish a supersedeas bond or suffer the consequences of disobedience to the injunction. The trial court, however, has full power and the necessary machinery to compel obedience to the decree as affirmed here. Application can be made there for such action as may be necessary.

For the reasons indicated the decree of the Circuit Court must be affirmed, with such modification here as will make it fully operative and eliminate the condition. Decree modified and affirmed.