The Rock Island and Peoria Railway Company
*v.*
Walter Johnson.

*Opinion filed October 26, 1903.*

1. Dedication—*statute must be complied with to create a statutory dedication.* In order to constitute a statutory dedication the requirements imposed by the legislature must be complied with by every person or corporate authority except the State itself.

2. Railroads—*company's rights in street is limited by the ordinance where the fee is in the abutting owner.* If the fee of a street is in the abutting owner, a steam railroad company obtaining an ordinance to lay one main track in such street acquires no greater rights against the abutting owner, in absence of express agreement, than it acquires against the city under the ordinance.

3. Same—*laying additional track in street is an additional servitude.* The laying of an additional track for a steam railroad in a public street the fee of which is in the abutting owner is an additional servitude, for which the owner of fee is entitled to compensation.

4. Laches—*what not laches in applying for injunction.* The owner of the fee in a public street is not guilty of *laches* in applying for an injunction to restrain the use of an additional track as a permanent main track until compensation should be awarded to him, where he files his bill as soon as he learns that the company intends to use for its main track what he had supposed was only a temporary track laid for the purpose of filling in an embankment.

Appeal from the Circuit Court of Rock Island county; the Hon. W. H. Gest, Judge, presiding.

Appellee filed his bill in the circuit court of Rock Island county on April 26, 1899, against the appellant, for an injunction to restrain it from using for railroad

tracks, switches, yards, etc., the south half of Mississippi street, (now called First avenue,) in the city of Rock Island. The bill alleges that the complainant is the owner of lot 1, and the east fifty feet of lot 2, in block 6, in said city, which front north on said avenue; also that he owns the fee of the west half of Twelfth street in so far as the same abuts upon his lot on the east; that he owns the fee to said south half of the avenue and half of Twelfth street subject to an easement in said city over the same for a street; that said railroad company was in the act of laying down and constructing an additional or new main railroad track on said south half of said avenue, claiming the right to do so under and by authority of an ordinance of the city of Rock Island adopted July 6, 1898, without first obtaining the permission of complainant or in any way compensating him therefor. An answer was filed by the defendant, denying all the material allegations of the bill, and upon replication thereto the cause was referred to the master to report his conclusions as to the law and the facts, but afterwards, by stipulation of the parties, he reported the testimony without conclusions, and the cause was heard before the chancellor and a decree rendered in favor of the complainant.

The bill is very voluminous and seeks relief against various other acts alleged to have been done and committed by the railroad company, but the decree from which this appeal is prosecuted is based upon the last named allegation, that the complainant is the owner of the fee of the soil to the center of the street, and enjoins the defendant company from in any manner using or operating the new or main track so far as the same abuts and is north of the complainant's lots and the west forty feet of Twelfth street, and from in any manner operating or using any train or trains of cars or locomotive over or upon said new track, or any portion thereof, in front of complainant's said lots on said avenue, or from permitting other persons or corporations to use the same,

"until such time as defendant shall have obtained the right so to do by grant from complainant, or by the exercise of the right of eminent domain." To reverse that decree this appeal is prosecuted by the railroad company.

The issues in the court below were substantially the same as in *Davenport and Rock Island Bridge Railway and Terminal Co.* v. *Johnson,* 188 Ill. 472, and the facts are substantially the same. Most of the questions argued in that case have been re-argued in this.

Robert Mather, and Jackson & Hurst, for appellant.

J. T. Kenworthy, for appellee.

Per Curiam: Counsel for appellant have presented an elaborate and able argument to convince this court that it ought to re-consider its decision in the other case that the county commissioners of Rock Island county, when they laid out the town of Stephenson, (now part of the city of Rock Island,) failed to make a sufficient plat to vest the fee of the streets in the municipality. We there held that they had failed to comply with the statute of 1833, providing for the recording of town plats, and therefore had not made a statutory dedication of the fee of the streets. Counsel claim that the county commissioners had no power to make any other kind of a plat except a statutory plat; that they were commanded so to do by the legislature, and could not make a common law dedication. The legislature has provided the requisites of a statutory dedication, and we have repeatedly held that these requirements must be complied with by every authority or person but the State itself. The county commissioners of Rock Island county not having complied with these requirements, no statutory dedication was in fact made, and the result is that there was a common law dedication only.

It was also settled by this court in the other case that the center of the Mississippi river was the north

line of the street, now called First avenue, lying north of appellee's premises, and that he had title in fee to the center of such street, burdened by the public easement of a street.   The appellant's predecessor, in pursuance of permission granted by an ordinance of the city of Rock Island, laid down a railroad track in the street now called First avenue, in 1856, which track, known as the "old main track," has been maintained thereon continuously ever since in front of appellee's lots and about which no complaint is made in the case at bar.   There was also a switch or lead track connected with this main track, on the north side of it, at a point about fifty feet west of the east line of appellee's lot, said switch track running thence east.   There were some switch tracks south of the old main track, but their location is not pertinent to this inquiry.   On July 6, 1898, the city council of Rock Island passed an ordinance granting appellant the right to construct and maintain an additional main track north of the old main track on First avenue, with necessary connections and switches, which track would run the whole length of the frontage of appellee's lots. Appellant extended its embankment further into the river and laid an additional track north of the old main, coming from the west and running east in front of appellee's lot, but did not connect this new track with the tracks extending east.   This new track was used as a track for hauling dirt by the contractors to make the fill, but afterwards the north switch track mentioned above was disconnected from the old main track and moved and connected with the new track, to be used as a new main track.   To prevent this use of the track as a permanent main track appellee's injunction was granted, enjoining such use until compensation should be made to appellee.

Appellee derives title from Napoleon B. Buford, who was the owner of the lots in question and a director and officer of appellant's predecessor at the time the original main track was laid, in 1856.   Appellant insists that the

action of Buford in permitting such track to be laid upon the streets fronting his lots amounts to an executed license or implied grant of an easement for such width as was reasonably necessary for the transaction of the company's business, and that even a wrongful entry in 1856, and uninterrupted possession ever since, would give appellant an easement in the premises; that all rights of action accrued to Buford as the abutting owner, including the right to compensation for the putting down and use of the second main track, and that no right of action for compensation passed to appellee. As no complaint is made in regard to the original main track laid in 1856, the main question presented is, did the laying of such track, and the acquiescence of Buford therein, give the appellant's predecessor any other and further easement in the lots in question than that required for such track.

This was a steam railroad track laid on a public street of the city of Rock Island, the fee of which was in the abutter, and under these circumstances the rights acquired against the owner of the fee could be no greater than such as were granted by the ordinances of the city and actually availed of by the railroad company. It could have no claim to a right of way of the extreme statutory width, for this railroad track was not laid across a farm or a portion of a city lot of which the owner had absolute control, but across land of which the control and easement were in the city for street purposes, and the company's rights were limited to the part of the street actually occupied, in pursuance of permission granted by the city to occupy such street. (*Pittsburg, Fort Wayne and Chicago Railroad Co.* v. *Reich,* 101 Ill. 157; *Wray* v. *Chicago, Burlington and Quincy Railroad Co.* 86 id. 424; *Illinois Central Railroad Co.* v. *Indiana and Illinois Central Railway Co.* 85 id. 211.) A great number of ordinances of the city of Rock Island were introduced in evidence, from which it appears that the appellant was repeatedly authorized by such ordinances to lay down additional

tracks in other parts of First avenue and in other streets, but the original ordinance in 1856 merely granted the right to lay down one main railroad track in that street. Nor was there any other main track laid there until after the passage of the ordinance of 1898, which granted the privilege of laying down another main track north of and thirteen feet distant from the former main track. The acceptance of the last ordinance clearly shows that appellant was aware that it had exhausted its rights acquired from the city under the first ordinance. But at all events, it could have no greater rights against the owner of the fee, without express agreement, than it acquired against the city under the ordinances of the city. That the laying of additional tracks in a street, the fee of which is in the abutter, is an additional servitude, for which such owner is entitled to compensation, is well settled. *Bond* v. *Pennsylvania Co.* 171 Ill. 508; *Davenport Bridge Railway Co.* v. *Johnson, supra.*

It is further urged on the part of appellant that appellee has lost his right to an injunction by *laches*, in permitting such additional track to be laid without objection. There is some conflict in the testimony as to just when the new main track was laid and completed, but we do not think that the appellee was guilty of any *laches* in the premises. No work was done on it till 1898, and it was not until June, 1899, that it was used as a main track. Appellee applied for an injunction in April, 1899, as soon as he ascertained that appellant intended to make and use the track, which he supposed was a temporary track laid for the purpose of filling in the embankment, as a permanent second main track. Injunction was the proper remedy. *Bond* v. *Pennsylvania Co. supra; Davenport Bridge Railway Co.* v. *Johnson, supra.*

Some other points are discussed, but we regard them as unimportant or without application to the facts in the case.

The decree will be affirmed.          *Decree affirmed.*