JOHN LANCASTER SPALDING

*v.*

THE MACOMB AND WESTERN ILLINOIS RAILWAY COMPANY.

*Opinion filed February 21, 1907.*

1. PLATS—*act of 1825 requires all county commissioners to acknowledge plat.* Section 3 of the act of 1825, requiring the county commissioners to acknowledge a plat offered for record, contemplates that the plat be acknowledged by all of the commissioners and not merely by a majority of them, otherwise the plat does not constitute a statutory dedication such as vests the fee of the streets in the municipal corporation.

2. INJUNCTION—*owner of fee in street may enjoin operation of a commercial railroad thereon.* The owner of the fee in a street may enjoin the construction or operation of a commercial railroad thereon where compensation has not been made to him for the use, even though the city has granted the privilege, by ordinance based upon a legal frontage petition, to construct and operate the railroad.

3. SAME—*mandatory injunction will issue even though railroad is in operation.* The owner of the fee in a public street who has not been compensated for the use of such street for the purpose of a commercial railroad is entitled to a mandatory injunction to compel the removal of the railroad unless compensation is made, notwithstanding it has been constructed and is in operation. (*Burrall v. American Telephone Co.* 224 Ill. 266, followed.)

4. RAILROADS—*when railroad is not street railway.* A railroad carrying not only passengers with hand baggage but also freight of practically all kinds from one point to another upon a street and from town to town along its line is a commercial railroad and not a street railway.

5. LACHES—*defense of laches must be raised by plea or answer.* The defense of laches must be set up by plea or answer in order to afford the complainant an opportunity to amend the bill by inserting allegations accounting for the delay.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding.

August 28, 1905, plaintiff in error filed his bill in the circuit court of McDonough county, alleging, among other

things, that he claimed the title in fee to the north half of block 22, in plat 2, of the Old Town of Macomb, in said county, fronting on Johnson street, in said city; that the original proprietors of said city caused the same to be laid out and platted about April 26, 1831, and afterwards, December 13, 1834, caused the same to be re-surveyed and re-platted, which last survey is known as plat 2 of said city; that there was made thereby what is known by the laws of the State as a common law dedication of the streets and alleys marked on said plats instead of what is known as a statutory dedication, and that thereby the fee in said streets and alleys remained in said original proprietors instead of being vested in the municipal authorities; that said city afterwards and ever since that time has adopted, approved and consented to said dedication of the streets according to said platting; that by virtue of the grants from the original proprietors plaintiff in error has acquired title and is seized in fee of the land embraced within said Johnson street, lying immediately east of said above described block, to the center of said Johnson street; that said city has only an easement in said street, which it has accepted and holds in trust for the uses and purposes for which the same was dedicated, and no other; that true and correct copies of said surveys and plats of said property and adjoining streets and blocks, together with accompanying surveys, are attached to the bill and made a part of the same; that the city council of said city, without authority of law, on or about May 6, 1903, granted a pretended franchise or license to the defendant in error to construct and operate its railroad in said Johnson street; that said pretended franchise is a part of a railroad system extending through certain streets of said city to the south limits and thence to the village of Littleton, in Schuyler county, Illinois; that on or about December 1, 1903, defendant in error, without any lawful right or authority, entered upon and took possession of said Johnson street, and constructed thereon, in the center of said street, the railway

tracks upon which it is now operating, over the fee of plaintiff in error and along the entire line of the same, steam locomotives, passenger, freight, cattle and hog cars, and conducting a large business of carrying freight and merchandise between the towns along the line of said road; that said railway company's locomotives and trains stand in front of the premises of plaintiff in error while discharging passengers and freight, thereby obstructing egress from and ingress to said premises, by means whereof the premises have been greatly injured and damaged and greatly impaired for church, school and residence purposes,—the uses to which said property is being put,—whereby the fee of plaintiff in error is subjected to an additional servitude not authorized by law, and without compensation. The bill also alleges that the ordinance granting the franchise was passed without a proper frontage petition of the property owners, and was therefore without authority of law. The prayer of the bill is that defendant in error be commanded to remove its railway and be restrained from continuing to operate the same on that portion of Johnson street fronting on the premises of plaintiff in error, and restrained from in any manner obstructing that portion of Johnson street until it has obtained the right so to do by obtaining a grant from plaintiff in error or by the exercise of its right of eminent domain, (if it has such right,) and the payment of any damages which plaintiff in error may sustain. A demurrer was filed to this bill by defendant in error, which, on hearing, the chancellor sustained. The case is brought here by writ of error for review.

W. R. MOORE, and NEECE & ELTING, for plaintiff in error.

SHERMAN, TUNNICLIFF & GUMBART, and APOLLOS W. O'HARRA, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

If both plats laying out Johnson street, in the city of Macomb, were not made in accordance with the statute then in force, the title in fee to the land to the center of Johnson street in front of the premises in question belongs to plaintiff in error. It is contended, however, that the bill is not so drawn as to properly raise this question, and that therefore the demurrer does not admit that fact; that the demurrer only admits the correctness of the surveys as given in the bill and "their true legal effect, but not the conclusion of the pleader as to their legal effect." Defendant in error insists that the fee to one-half of Johnson street in front of the premises in question is not in the plaintiff in error. It admits the acknowledgment of the second plat, made in 1834, was not in accordance with the statute then in force, but asserts that there are no allegations in the bill which properly set up that the plat made in 1831 is not legal and in accordance with the statute. The law then in force, enacted January 4, 1825, as to the making of town plats, required "that the county commissioners  *  *  *  shall, at or before the time of offering such plat  *  *  *  for record, acknowledge the same," etc. (Rev. Laws of Ill. 1828-29, sec. 3, p. 184.) A copy of the plat, made in 1831, and the acknowledgment attached thereto, are made a part of the bill, and show that there were then three county commissioners of said county but that only two of them acknowledged the plat. Under said section 3 of the law of 1825, was it required, in order to make a legal plat and dedication thereunder, that all three county commissioners should duly acknowledge the same?

It has been held by this court in *Davenport Bridge Railway Co.* v. *Johnson,* 188 Ill. 472, in construing a similar provision of the law of 1833, that this duty as to acknowledging the town plat was imposed upon the commissioners as individuals, and not upon them as a court or body. The

section of the law of 1833 that was there construed is identical with the law of 1825, so far as it affects the question here under consideration.   Section 4 of said law of 1825 provides, as .did section 7 of said act of 1833, that if a mistake were made in the platting of the town as to acknowledgment or in other respects, it should be the duty, and "it is hereby required of the present county commissioners, or a majority of them," etc., to correct the same.  The insertion of the words "or a majority of them" after the words "county commissioners," in said section 4 of the law of 1825, and their omission in said section 3 after the words "county commissioners," shows plainly that it was the intention of the legislature, under said section 3, that every one of the three county commissioners should be required to acknowledge the original plat.   This conclusion is in entire harmony with the holding of this court in *Davenport Bridge Railway Co.* v. *Johnson, supra.*   In construing similar statutes, where three persons have been named to do a certain thing, the same conclusion,—that is, that all must act,—has frequently been reached by this court.  (*Boynton* v. *People,* 155 Ill. 66; *Adcock* v. *City of Chicago,* 160 id. 611; *Hinkle* v. *City of Mattoon,* 170 id. 316; *Larson* v. *City of Chicago,* 172 id. 298; *Town of Cicero* v. *Andren,* 224 id. 617.)   Not-only the plat of 1834, but also the plat of 1831, as shown by the record, was not acknowledged in conformity with the statute then in force.

While the allegations in the bill, considered by themselves, without reference to these plats, may not in the most apt terms set forth facts that would show the title to one-half of Johnson street in front of the property in question to be in plaintiff in error, still we think, taking these plats and surveys in connection with the bill, of which they are made a part, that these facts are so pleaded that the demurrer must be held to admit that plaintiff in error is the owner of the fee of the land to the center of Johnson street in front of said property.   It is true that in the original brief of

plaintiff in error the special defense claimed as to the plat of 1831 is not clearly set out; still, it is evident that plaintiff in error claimed that such plat was not in accordance with the statute then in force. Judged by the brief and argument of defendant in error, it was in no way surprised as to the ground on which said plat is alleged to be defective.

Defendant in error strenuously insists that even if the fee to the land to the center of Johnson street in front of said premises is in plaintiff in error, he has mistaken his remedy; that a court of equity cannot, on the facts alleged in this bill, by a mandatory injunction compel the removal of the railroad from that portion of Johnson street fronting the premises of plaintiff in error or discontinue its operation. Where the fee of a street is in the city, any damages to abutting property owners which may accrue from allowing a railroad track in a street are merely consequential. In such case we have held that there is no physical taking of the land and that injunction will not lie, the remedy being at law. But the construction of a steam railway in a city street, where the fee belongs to abutting property owners, · has been frequently held by this court to create an additional servitude as not one of the ordinary uses. The owner of the abutting property may maintain trespass, or may enjoin said railroad from constructing or operating without first settling with the owner of the fee, even though the municipal authorities have granted, by an ordinance based on a legal frontage petition, permission to construct and operate a railroad on said street. (*Bond* v. *Pennsylvania Co.* 171 Ill. 508; *Davenport Bridge Railway Co.* v. *Johnson, supra; Rock Island and Peoria Railway Co.* v. *Johnson,* 204 Ill. 488; *Wilder* v. *Aurora Traction Co.* 216 id. 493; *Pennsylvania Co.* v. *Bond,* 202 id. 95.) The charter of this railroad and the ordinance permitting it to be constructed in Johnson street provide that the road is not to be operated by steam. We understand that defendant in error contends that it is a street railroad. Street railroads are generally under-

stood to be only such as are constructed and operated in the streets of a city for the purpose of conveying passengers, with ordinary hand luggage, from one point to another along the line thereof.   Whether the road be a street railroad or not will depend upon the character of its traffic. The bill alleges that this road is carrying not only passengers with ordinary hand luggage, but practically freight of all kinds from one point to another on the street and from town to town along the entire line of the road.   Under these allegations of the bill, admitted to be true by the demurrer, defendant in error cannot be held to be a street railway. (*Wilder* v. *Aurora Traction Co. supra.*)   Moreover, the bill alleges that the road is being operated by steam, thereby contravening its charter.

Defendant in error further insists that while this court has granted injunctions restraining the construction of a railroad on facts such as alleged in this bill, it has never held that a court of equity had authority to grant an injunction, such as herein prayed for, after the railroad has been constructed and is in operation.   The case of *Postal Telegraph Co.* v. *Eaton,* 170 Ill. 513, is cited in support of this contention.   That decision only holds that an action of ejectment where telegraph poles have been constructed along the highway without the consent of the owner of the fee, is a proper remedy.   The right of a court of chancery to issue a mandatory injunction under such circumstances was not considered in that case by this court.   In the recent case of *Burrall* v. *American Telephone Co.* 224 Ill. 266, citing *Postal Telegraph Co.* v. *Eaton, supra,* we held that a telephone line in a public highway is an additional burden upon the owner of the fee, for which the owner is entitled to compensation and of which a court of equity can compel the removal by injunction.   This decision, with the authorities therein cited, is conclusive as to the right of a court of equity to interfere on a proper showing and issue a mandatory injunction in cases of this kind.

The further contention is made that even had a mandatory injunction been proper in the first instance, the bill shows that there was such *laches* on the part of plaintiff in error that such injunction ought not to be issued at the present time. This bill was filed August 28, 1905, and alleges that on or about December 1, 1903, the railway was constructed over the premises in question. In *Rock Island and Peoria Railway Co.* v. *Johnson, supra,* it appears that the ordinance for the railroad was passed in July, 1898, and the bill for injunction was asked for in April, 1899. This delay in that case was held not to be *laches.* In *Burrall* v. *American Telephone Co. supra,* the poles were erected in the highway in October, 1896. The record discloses that the bill in that case was filed in January, 1904,—over seven years after the poles were erected. There is no specific allegation in this bill as to when this road was first operated. What amounts to *laches* will depend upon the special facts and circumstances as shown in each case. The general rule in this jurisdiction is, that the defense of *laches,* to be availed of, must be set up by plea or answer, so as to afford the complainant an opportunity to amend the bill by inserting allegations accounting for the delay. (*Coryell* v. *Klehm,* 157 Ill. 462.) On the facts as alleged in the bill we are not prepared to hold that plaintiff in error was guilty of *laches* in not beginning these proceedings at an earlier date.

Other points are urged in the briefs which it is unnecessary here to pass upon.

The demurrer of defendant in error should have been overruled by the circuit court.

The decree of the circuit court is reversed and the cause remanded to that court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*