### Chicago, Peoria and St. Louis Ry. Co. v. Joseph Bourne.

1.  RAILROADS—*Duty to Keep Fences in Repair.*—It is the duty of a railroad company to keep its fences in repair, and abutting land owners have a right to assume that it will do so.

**Statutory Action**, for killing of stock by railroad.  Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge presiding.  Heard in this court at the May term, 1902.  Affirmed. Opinion filed November 1, 1902.

L. O. VAUGHT, attorney for appellant; BLUFORD WILSON and PHILIP BARTON WARREN, of counsel.

ROBERT TILTON, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action commenced before a justice of the peace of Morgan county by the appellee against the appellant, to recover damages and attorney fees under the statute for seventeen hogs killed by the trains of the appellant while on the tracks, where they had strayed through an insufficient fence between his pasture and its right of way.

The case was first tried before the justice and afterward by jury in the Circuit Court, where it resulted in a verdict and judgment in favor of the appellee for $112 damages and $35 attorney fees.

The appellant moved for a new trial, which being denied, it excepted, and prosecutes this appeal, arguing for error that the verdict and judgment are not supported by the evidence.

It appears that a number of years ago the railway company placed a fence on a line dividing its right of way from appellee's pastures, and on account of its age and the neglect of appellant to repair it throughout its length, it had become so rotten in places that the hogs in question strayed from appellee's pasture through the fence upon the right of way of the appellant and were killed by the passing trains of the appellant.

After some of the hogs had been killed the appellee requested the appellant to repair the fence, and it did fix a part, but not all of it along appellee's pasture.

It is contended that appellee was guilty of contributory negligence in permitting his hogs to remain in his pasture after he discovered the fence was insufficient to keep them off the railroad right of way. But we can not concur in that view, for the railway company had a fence on the line, and the appellee had the right to have his stock in his pasture, putting the risk of loss by neglect to repair and keep the fence sufficient, upon the railway company, on which the statute imposes that duty; and the "mere leaving them there is not negligence nor evidence of negligence on his part, which a jury should be allowed to consider. The law should not, and does not, in our opinion, oust him, nor permit a jury to oust him, of the valuable use of his own land for that cause, in such a case." Terre Haute & Indianapolis R. R. Co. v. McCord, 56 Ill. App. 173.

The evidence warranted the verdict and judgment, and the latter is affirmed.