MARTIN SHEA, Appellant, *vs.* THE CLEVELAND, CINCIN-
NATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY,
Appellee.

*Opinion filed April 19, 1911.*

1. RAILROADS—*party owning farm land on both sides of rail-
road is entitled to a farm crossing.* A person owning farm land
on both sides of a railroad is entitled to a farm crossing, under the
act relating to the fencing and operation 'of railroads, regardless
of whether he purchased the land on one side after the railroad
was constructed or what his motive was in buying the land.

2. SAME—*whether land is farm land and is used in connection
with other land are questions of fact.* Whether a small tract of
land on one side of a railroad is farm land used in connection with
the owner's farm on the other side, or whether it is an independ-
ent tract used separately from the other land, are questions of fact.

3. SAME—*the rule where two parallel adjoining railroads pass
through farm.* Where two railroads parallel with and adjoining
each other pass through a farm the farm adjoins each railroad
though each part of the farm may not touch them both, and the
owner of the farm is an adjoining land owner as to each railroad
and is entitled to the benefit of statute relating to farm crossings.

4. SAME—*what does not excuse railroad company from putting
in farm crossing.* The fact that one of the two parallel adjoining
railroads running through a farm is an electric railroad does not
authorize the steam railroad to object to putting in a farm cross-
ing upon the ground that the owner of the farm may not be able
to compel the electric road to put in such crossing.

5. SAME—*notice to railroad to put in farm crossing need not
specify its precise location.* The notice to a railroad company to
put in a farm crossing should describe lands on which the cross-
ing is to be built, but it is not necessary to state the precise place
where the crossing shall be located, as neither the owner nor the
company has an absolute right to determine such location irrespec-
tive of the interests of the other and the safety of the public.

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit Court
of Coles county; the Hon. WILLIAM B. SCHOLFIELD,
Judge, presiding.

JAMES W. & EDWARD C. CRAIG, for appellant.

250 — 7

GEORGE B. GILLESPIE, (L. J. HACKNEY, GILLESPIE & FITZGERALD, and JAMES VAUSE, JR., of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant, Martin Shea, sued the appellee before a justice of the peace of Coles county. Upon an appeal to the circuit court he recovered a judgment for $67.40, which the Appellate Court reversed without remanding the cause. A certificate of importance having been granted, an appeal was taken to this court.

The appellant sued under section 4 of the "act in relation to fencing and operating railroads," (Hurd's Stat. 1909, p. 1750,) to recover double the value of a farm crossing which he had built.

The appellant since 1862 has owned, resided upon and farmed sixty acres of land a short distance east of the city of Mattoon, adjoining the railroad of the appellee, which formed the south boundary of the appellant's land. In 1903 the Mattoon City Railway Company built an electric railroad from Mattoon to Charleston, the right of way for which, opposite the appellant's farm and for some distance east and west, was south of, adjoining and parallel to the appellee's right of way. An east and west road ran past the appellant's farm, but there was no north and south road from about a mile and a half east to about a mile west of it. The electric road, which carried both passengers and freight, established a station immediately south of the appellant's farm, and he desired a crossing over the railroad to give him access to the electric cars. In March, 1909, he purchased an acre of land immediately south of and adjoining the right of way of the electric road, being a strip four rods wide, extending east and west forty rods, and soon after he gave notice to the appellee and the Mattoon City Railway Company to construct a farm crossing be-

tween the two tracts of land, and another notice to the appellee to construct a farm crossing to give access to the electric road from the appellant's land on the north of the railroad. The appellee not having constructed the crossing, the appellant did so and then brought this suit.

The appellant contends that the statute requires a railroad company to construct a farm crossing when necessary to enable an owner of land adjoining its right of way on one side to reach an electric road adjoining its right of way on the other side. He also contends that where an owner of land adjoining a railroad on one side buys land adjoining the railroad on the other side, his right to a farm crossing will not be affected by his motive in buying the land. The appellee disputes these propositions, and in the view we take of the case it will be necessary to consider only the latter.

The facts are undisputed. It may be conceded that appellant bought the acre of land south of the railroad for the purpose of getting a crossing and that he wanted the crossing to enable him to reach the electric road. Still, after he had bought the acre tract he was the owner of a farm divided by a railroad. If it be said that the acre was not a part of the farm but an independent tract, used separately and rented to a stranger, the answer is that the railroad alone makes it a separate tract, and that a crossing over the railroad is necessary to enable the owner to use his property as a connected farm, as he has a right to use it. This was, however, a question of fact which the judgment of the trial court settled in the appellant's favor. There is no evidence tending to show that the land was other than ordinary farm land, or was used or capable of use, as located and surrounded, for any other purpose. If the appellant had inherited or bought one hundred and sixty acres south of the railroad, surrounded on the east, south and west by land of other owners and with no electric road intervening, probably no question would be made

of his right to a farm crossing. So if the quantity had been forty acres, or twenty, or perhaps ten. It could not be said that the right to the crossing would not exist in any case where the land was of substantial value and capable of profitable cultivation and use. What has the appellant's motive in the acquisition of the land to do with his rights as a land owner after he has acquired it? The statute fixes the rights of the railroad company and adjoining land owners. Farm crossings must be constructed by railroad companies when and where they become necessary for the use of the proprietors of land adjoining the railroads. The right to buy land and the rights attached to its ownership are not limited by this provision. Such rights do not become fixed and unalterable by reason of the existence of a railroad adjoining a farm. Any person may buy any land he chooses, in any situation and for any reason that may appeal to him, and his rights as a land owner will be absolutely unaffected by the motives which induced him to buy. In this case the appellant owns the land mentioned in the evidence and is entitled to all the legal rights attaching to such ownership, unaffected, in the slightest degree, by the motives which induced him to buy the land. The Appellate Court, having made no finding of facts, must have found the facts the same as the trial court. Whether a farm crossing had become necessary, and whether the acre south of the railroad was capable of use in connection with the farm and as a part of it, or was intended to be so used, were questions of fact, or, at least, questions of mixed law and fact, which the trial court found in favor of appellant.

It is insisted by the appellee that the appellant's land south of the electric road does not adjoin the railroad. Where two railroads parallel with and adjoining one another pass through a farm, the farm adjoins each railroad though each part of the farm may not touch both railroads. The owner of the farm is an adjoining land owner as to each railroad and is entitled to the benefit of the statute.

It is also insisted that the appellant is not entitled to the crossing over the appellee's railroad because such crossing will not connect the north and south tracts, and the appellant cannot compel the construction of a crossing over the electric road because the Mattoon City Railway Company is incorporated under the general Incorporation act and is not subject to the act in question here. Under the evidence in this case the Mattoon City Railway Company seems to be operating a commercial railroad upon its own right of way. The Railroad and Warehouse act is the only authority under which such a railroad can be so operated in this State. (*Harvey* v. *Aurora and Geneva Railway Co.* 174 Ill. 295; *Dewey* v. *Chicago and Milwaukee Electric Railway Co.* 184 id 426.) It may be doubted whether a corporation exercising the privileges and franchises granted by that act could repudiate the liabilities imposed by statute upon corporations organized under it. But whether it may do so or not, a stranger cannot repudiate them in advance in a proceeding to which such railway company is not a party. If the right exists against the appellee it is sufficient for this suit.

It is also contended in behalf of appellee that the notice given by appellant was not sufficient in not stating where the farm crossing had become necessary. The statute only provides that the notice should describe the lands on which the farm crossing was required to be built. The notice did this. The precise location was a matter which neither party had the absolute right to determine without regard to the other. The interest of each and the safety of the public were to be considered. If the appellant did not select the precise spot, the appellee would be justified in using a reasonable discretion in choosing one, and *vice versa*.

The claim that the appellant is entitled to a crossing over the appellee's right of way by reason of the location of the station of the electric road we have not found it necessary to consider. The circuit court held that the ap-

pellant was so entitled and the Appellate Court held this to be error. Whether it was so or not, it was not sufficient to reverse the judgment, because it did not affect the validity of the appellant's other claim by reason of his ownership of farm lands which were divided by the railroad.

The judgment of the Appellate Court will be reversed and that of the circuit court affirmed.

*Judgment reversed.*