## V. T. Hartzell, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

1. STREET RAILROADS, § 1*—*railroads and street railroads defined and distinguished.* A street railroad is a railroad laid down on the streets of a town or city for the purpose of carrying passengers from one point of the town or city to another, or to or from its suburbs, while a railroad running across the country from city to city carrying both passengers and freight takes on the character of a commercial railroad and must be deemed as such.

2. RAILROADS, § 283*—*duty of an electric railroad to fence.* An electric railway organized under the general incorporation act as a street railroad and operating across the country from one town to another is subject to the Act of 1874, J. & A. ¶¶ 8811 *et seq.*, requiring railroads to fence where it is engaged in carrying passengers and freight.

3. RAILROADS, § 821*—*when owner not negligent in permitting stock to pasture near unfenced tracks.* Fact that owner permitted

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Vol. CLXXXIII 41

his cow to pasture adjacent to defendant's unfenced tracks, *held* not evidence of contributory negligence causing killing of cow by defendant's cars where it was duty of railroad company to fence tracks.

4. RAILROADS, § 890*—*when requested instruction on contributory negligence in permitting animals near track, properly refused.* In an action to recover damages and attorney's fees on account of the killing of a cow while on the tracks of defendant's electric railroad, an instruction on the question of contributory negligence of plaintiff in permitting his cow to go upon the land adjacent to railroad not fenced, *held* properly refused where there was no evidence that plaintiff was guilty of such negligence.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

D. H. MUDGE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This suit was commenced by Hartzell, appellee, before a justice of the peace, to recover damages and attorney's fees on account of the killing of his cow, while she was on the track of appellant, the Alton, Granite & St. Louis Traction Company.

A justice rendered judgment against appellant, and an appeal was prosecuted to the Circuit Court of Madison county, where a trial was had resulting in a judgment for appellee of eighty dollars damages and thirty dollars attorney's fees, and from that judgment appeal was taken to this court. Two questions are raised by the errors assigned, appellant contends first that appellee's rights of recovery is predicated upon the requirements of the statute under an act entitled "An act in Relation to Fencing and Operating Railroad," approved March 31, 1874, and in force July 1, 1874 (J. & A. ¶¶ 8811 *et seq.*) ; that this act applies to railroad corporations only; that appellant was organized under

the general incorporation act as a street railroad, and at the time of the injury complained of was conducting its business as a street railroad and was not subject to the requirements of the statute in reference to fencing its roads.

The undisputed evidence shows that appellant operates an electric railroad between the cities of Edwardsville in Madison county, Illinois, and St. Louis, Missouri, passing through the villages and cities of Pogue, Mitchell, Nameoki, Granite City and East St. Louis; that appellant in operating said road used both passenger and express cars; that the road ran through parts of the counties of Madison and St. Clair. The precise question raised on this contention has not been before this court or the Supreme Court so far as we are advised. How far a common carrier, denominated by itself as a street railway and organized under the general incorporation law, can proceed in the enjoyment of the rights and privileges of a railroad, without assuming the duties and liabilities the law places on railroads, raises a vitally important question.

Railroads organized under the general incorporation act, under what is known as the "Horse and Dummy," provisions of said act have been known and characterized as street railroads, and are authorized to carry passengers over its line for hire. They are subject, however, to reasonable regulation by the city granting them the use of its streets. The service and rates for transportation are subjects coming under municipal control. The reasonableness of rates for transportation of passengers and freight, by railroads within the State, are regulated by the railroad and warehouse commission.

The railroad commission has jurisdiction over all common carriers engaged in transporting passengers and freight between points within the State. The management and operation of street railroads comes within the jurisdiction of city authorities. The jurisdiction of the city authorities stops at the city limits. The

jurisdiction of the railroad and warehouse commission is state wide. The only power to regulate passenger, freight or express charges of common carriers like appellant must be found in the Railroad and Warehouse Act, which created the railroad and warehouse commission, if such power is lodged anywhere.

Appellant contends that the provisions found in section 185 of the Railroad and Warehouse Act (J. & A. ¶ 8948), where, in defining the term "common carriers," it is provided that street railroads shall not be included within the terms of that section, is controlling and exempts appellant from any requirement as to fencing its railroad on the ground that it is a street railroad and not a common carrier.

The law makes a clear distinction between a street railroad and an ordinary commercial railroad. A street railroad is a railroad laid down on the streets of a town or city for the purpose of carrying passengers from one point of the town or city to another, or to and from its suburbs. *Harvey v. Aurora & G. Ry. Co.,* 174 Ill. 295.

A railroad running across the country from city to city, carrying both passengers and freight, takes on the character of a commercial railroad and must be deemed as such.

In the case of *Shea v. Cleveland, C., C. & St. L. Ry. Co.,* 250 Ill. 97, the Court referred to the Mattoon City Railway Company, which in character and operation is similar to appellant Railroad Company, and said: "Under the evidence * * * the Mattoon City Railway Company seems to be operating a commercial railroad upon its own right of way. The Railroad and Warehouse Act is the only authority under which such a railroad can be so operated in this State. * * * It may be doubted whether a corporation exercising the privileges and franchises granted by that act could repudiate the liabilities imposed by statute upon corporations organized under it."

This intimation of the Supreme Court, while not

controlling as to its future course, points clearly to what we believe to be the true principle of law that should be applied to the facts in this case. Appellant does commercial business. It uses express cars. The use of express cars means transportation of goods for hire. Its right to engage in such business is derived from the Railroad and Warehouse Act. The railroad and warehouse commission has jurisdiction over such business. The Railroad and Warehouse Act requires railroads to fence their roads. When appellant elected to do commercial business and enjoy the rights and privileges the railroad act confers, it cannot be heard to deny the liabilities the act imposes.

Appellant's second contention is that the court erred in refusing its instruction on the question of contributory negligence of appellee in permitting his cow to go upon the land adjacent to the railroad when he knew the condition as to fencing. If there was any evidence that appellee was guilty of negligence, which contributed to the killing of the cow, it would have been proper for the court to have instructed the jury as to the law concerning such negligence. The only act of appellee, claimed by appellant to have been negligent, is that of pasturing his cow on land joining the right of way of appellant, knowing there was no sufficient fence to keep her from straying on the tracks. We cannot concur in that view. Appellant should have had its road fenced and appellee had the right to have his cow on his pasture, and the mere fact that he put his cow in the pasture and left her there, when there was no fence to keep her off the railroad tracks, is not evidence of contributory negligence, causing death of the cow. Appellee had the right to the use of his land and appellant cannot be heard to insist on a denial of such right in order to escape liability for its failure to perform a duty imposed by statute. *Chicago, P. & St. L. Ry. Co. v. Bourne,* 105 Ill. App. 27; *Ewing v. Chicago & A. R. Co.,* 72 Ill. 27; *Cairo & St. L. R. Co. v. Woosley,* 85 Ill. 370.

It was not error for the trial court to refuse the instruction for the reason there was no evidence of contributory negligence to be considered by the jury.

The judgment of the Circuit Court was right under the law and the evidence, and will be affirmed.

*Affirmed.*