V. T. HARTZELL, Appellee, *vs.* THE ALTON, GRANITE AND ST. LOUIS TRACTION COMPANY, Appellant.

*Opinion filed April 23, 1914.*

1. RAILROADS—*act relating to fencing and operation of railroads applies to interurban railroad operating as a commercial railroad.* The act in relation to the fencing and operation of railroads applies to an interurban railroad operating as a commercial railroad in carrying passengers and express from town to town, as respects portions of its right of way not in a public highway, even though the company is organized under the general Incorporation act as a street railroad.

2. SAME—*duty to fence right of way is absolute.* The duty of a commercial railroad to fence its right of way where it runs through private property is absolute, and it cannot urge as a defense to an action for killing stock of the owner of the private property that the latter was guilty of contributory negligence in letting his stock run at large on his land knowing that the right of way through it was not fenced.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

D. H. MUDGE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This suit was commenced by appellee before a justice of the peace in Madison county to recover damages and attorneys' fees on account of the killing of his cow while she was on the track of appellant. Judgment was there entered against appellant. On appeal to the circuit court of Madison county judgment was again entered against appellant. The Appellate Court, on appeal, affirmed the judgment of the circuit court and granted a certificate of importance to this court.

The evidence shows, without contradiction, that the appellant operated an electric railway between the cities of Edwardsville, in Madison county, and St. Louis, Missouri, passing through Pogue, Mitchell, Nameoki, Madison, Granite City and East St. Louis; that both passenger and express cars were used in its operation; that the road ran through parts of the counties of Madison and St. Clair, in this State.

The principal question argued in the briefs is whether appellant is subject to the requirements of "An act in relation to fencing and operating railroads," in force July 1, 1874. (Hurd's Stat. 1911, p. 1824.) At the point in the country where the accident happened the railway right of way was on its own private property and not on a public highway. This right of way at this point was not fenced.

Appellant was organized under the general Incorporation act as a street railroad. The purpose for which a corporation is organized usually can best be ascertained by reference to the terms of its charter. (*Evanston Electric Illuminating Co.* v. *Kochersperger,* 175 Ill. 26.) The same corporation, as to its charter powers, under our statutes cannot be both a street railway and a commercial railway. (*Bradley Manf. Co.* v. *Chicago and Southern Traction Co.* 229 Ill. 170, and cases cited.) Commercial railroads embrace railroads for all freight and passenger traffic between one town and another or between one place and another.

They are usually not constructed upon streets and highways, except for short distances. Street railways embrace all such railroads as are operated upon public streets for the purpose of conveying ordinary passengers, with hand baggage, from one place to another on the street. (1 Lewis on Eminent Domain,—2d ed.—sec. 110*a; Wilder* v. *Aurora, etc. Traction Co.* 216 Ill. 493.) "The mere location of a railroad does not determine its character as a street railway or otherwise. Whether a railroad be a street railroad or not depends on the character of its traffic or service." (3 Dillon on Mun. Corp.—5th ed.—sec. 1258; *Spalding* v. *Macomb and Western Illinois Railway Co.* 225 Ill. 585.) A distinctive feature of a street railway is, that it is intended to be used for the transportation of passengers and not of freight. The main test is, that street railways are used for local convenience and street travel. (1 Elliott on Railroads,—2d ed.—secs. 6, 7; *Harvey* v. *Aurora and Geneva Railway Co:* 174 Ill. 295.) "Intermediate between street railways within a municipality, which are intended merely for local convenience and to facilitate travel from point to point within the municipality or the suburban districts immediately adjacent thereto, and the steam railroad, intended for general commerce between the different cities and places without respect to distance, a species of railroad has been developed by the use of electric power which embraces some of the characteristics of both the ordinary street railway and the general steam or commercial railway." (3 Dillon on Mun. Corp.—5th ed.—sec. 1258.) These are generally denominated interurban railways, and are usually held to partake to some extent of the characteristics of both street railways and commercial railroads. In cities and towns they resemble street railways in most respects. In the country, in recent years, they are constructed on road-beds similar to those of steam railroads, and it is frequently stated by the authorities that they are becoming more and more like commercial railroads, many of them carrying mail, express and

light freight and some of them heavy freight. (Booth on Street Railroads,—2d ed.—sec. 431; Baldwin on American Railroad Law, sec. 6.) Interurban electric roads, as that term is generally used, might well be regarded as a third or distinct class of railroads. (1 Lewis on Eminent Domain,—3d ed.—sec. 150.) In *Cincinnati Electric Railroad Co.* v. *Lohe,* 68 Ohio St. 101, it was held that an interurban railroad, though classed as a street railway by the statutes of that State, should have applied to it, in its operation outside of municipalities, similar rules of law as applied to steam or commercial railroads under like circumstances. In *McNab* v. *United Elevated Railroad Co.* 94 Md. 719, it was held that such street railroads as lie in the open country must in many respects be operated as if they were commercial railroads and corresponding precautions taken.

The meaning of the word "railroad" in any act can only be determined by reference to the context and the manifest intention of the legislature. (1 Elliott on Railroads,— 2d ed.—sec. 6.) The question whether the term "railroad" would include a street railroad has often been raised. The answer must depend upon the character of the statute and the purpose for which it was enacted. (*Riggs* v. *St. Francis County Railway Co.* 96 S. W. Rep. 707.) "In a statute prohibiting the placing of obstructions upon railroad tracks, or insisting upon the exercise of peculiar care to prevent injury to passengers or to persons at crossings, or fixing the liability for the consequences of a negligent operation of the road, the term 'railroad' is considered to comprehend street railways as well." (1 Wood on Railroads, sec. 1.) Elevated roads in this State, although incorporated under the general Railroad act, have been held, when operated in the streets of a city, for some purposes and in a certain sense to be street railways instead of ordinary commercial railroads. *Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510; *Cummings* v. *Union Elevated Railroad*

*Co.* 169 id. 33; 1 Elliott on Railroads,—2d ed.—sec. 7; see, also, *Barsaloux* v. *City of Chicago,* 245 Ill. 598.

The question whether elevated roads in a municipality, and electric street railways and interurban railroads outside of municipalities, should be held to be commercial or street railways has most frequently arisen with reference to the right to place such roads in a public street or highway, and what has been said in the cases in this and other jurisdictions now cited and relied upon by appellant, while entirely proper in the particular cases where used, in view of the questions there raised and the charter powers granted to such roads, can have no bearing as to the applicability of a statute requiring the fencing of railroad rights of way outside of municipalities. In some States interurban railroads are expressly required by statute to fence their track or right of way, and in others, where there is no such statute referring to them, it has been generally held that a statute requiring all railroads to be fenced applies to interurban railroads. (3 Elliott on Railroads,—2d ed.—sec. 1906*b,* note, and cases cited; Booth on Street Railways,—2d ed.— sec. 459; 3 Dillon on Mun. Corp.—5th ed.—sec. 1258.)

A very similar question to the one here was under consideration of this court in *Shea* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 250 Ill. 97, where it was argued that the Mattoon City Railway Company, operated by electricity and incorporated under the general Incorporation act, was not subject to the act as to fencing railroads. It was there stated (p. 101) : "Under the evidence in this case the Mattoon City Railway Company seems to be operating a commercial railroad upon its own right of way. The Railroad and Warehouse act is the only authority under which such a railroad can be so operated in this State. (Citing authorities.) It may be doubted whether a corporation exercising the privileges and franchises granted by that act could repudiate the liabilities imposed by statute upon corporations organized under it."

263 — 14

·Appellant concedes that it is not only carrying passengers but express, and insists that it has a right to do so. As long as it is carrying on commercial business it is in no position to insist that it should not be governed by the same rules that apply to commercial railroads under like circumstances.

Appellant further argues that the court erred in refusing to instruct that appellee was guilty of contributory negligence in permitting his cow to go upon his land adjacent to the railroad right of way when he knew said right of way was not fenced. The duty of appellant to erect a fence suitable to keep stock off its railroad is absolute. (*Bischof v. Illinois Southern Railway Co.* 232 Ill. 446.) · Appellee had the right to the use of his land for pasturing purposes, and appellant cannot insist on the denial of such a right in order to escape liability for its failure to perform its duty in fencing its right of way. *Ewing* v. *Chicago and Alton Railroad Co.* 72 Ill. 25; *Cairo and St. Louis Railroad Co.* v.· *Woosley,* 85 id. 370.

When the act as to fencing railroads was enacted, in 1874, interurban railroads were unknown, but the mischief to be prevented and the remedy sought under this act apply with equal force to an interurban railroad as to those roads generally known as steam or commercial railroads. The fact that the last section states that the act does not apply to horse or street railways must be construed in the light of the then purposes and uses of horse and street railways. Appellant, where its line is operated outside of municipalities, must be treated on this question on the same basis as an ordinary steam or commercial railroad, and therefore within the spirit of said act as to fencing railroads. To hold otherwise would be to give an unreasonable construction to the statute and one contrary to its object and purpose.

· The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*