## EAST ST. LOUIS & S. RY. CO. v. BRUND-AGE et al.

(District Court, E. D. Illinois. February 6, 1926.)

No. 1416.

1. **Carriers** ⊙═══12(1)—**Illinois Commerce Commission has no power to fix rates for carriage on railroads in contravention of two-cent fare law, but may fix rates for street railways or other public utilities.**

The Illinois Commerce Commission has no power to fix rates in contravention of two-cent fare law for carriage on railroads, but has power to fix any reasonable rate for street railways, or other public utilities, in view of Public Utilities Act and two-cent fare law of Illinois.

2. **Carriers** ⊙═══12(4)—**Electric railroad incorporated under Railroad Act bound by two-cent fare law.**

Railroad corporation, operating electric railroad and organized under the Railroad Act, is subject to all the burdens of such a corporation, and is estopped to deny that it is bound by two-cent fare law, and Illinois commerce commission can grant to it no relief in excess of that allowed by two-cent fare law.

3. **Carriers** ⊙═══12(4)—**Electric railroad incorporated under Railroad Act retains such character.**

Electric railroad, incorporated under Railroad Act, has character of railroad, notwithstanding character of traffic handled, location, and mode of operation.

4. **Carriers** ⊙═══18(6)—**Petition to modify decree enjoining enforcement of two-cent fare law, presenting no question of changed conditions, will be denied.**

Where enforcement of two-cent fare law as to electric railroad was by District Court enjoined as being confiscatory, in violation of Const. U. S. Amend. 14, on condition that no higher rate than three cents a mile be charged, the court expressly retaining power to modify decree, petition which presents no question that changed conditions make it no longer violative of railroad's rights to enforce two-cent law, or that the maximum limit of rate of fares permitted by the decree was more than sufficient, will be denied.

In Equity. Application by the East St. Louis & Suburban Railway Company for an injunction against Edward J. Brundage and others. On petition by Hilmer C. Lindauer, State's Attorney, to modify the decree heretofore entered. Petition denied.

L. N. Nick Perrin, Jr., of Belleville, Ill., for petitioner.

J. L. Flannigen, of East St. Louis, Ill., for respondents.

LINDLEY, District Judge. Hilmer C. Lindauer, as state's attorney, and others, have filed their petition to modify the decree entered in this cause on September 12, 1919,[1]

---

[1] Now, on this 12th day of September, A. D. 1919, it being one of the regular judicial days of this court, held in the city of Danville, Vermilion county, Ill., Hon. George W. English, Judge, presiding, and it appearing to the court that all the defendants have been duly served with process and filed answer to said bill of complaint, and that complainant has filed replication to said answers:

And now this cause came on to be heard upon said bill of complaint, the answers of said defendants, the replication of complainant to said answers, and the court having heard evidence, both oral and documentary, in open court, and having heard arguments of counsel, and being fully advised in the premises, finds:

That the court has jurisdiction of all the parties to this cause and of the subject-matter thereof; that the amount involved, exclusive of interest and costs, is in excess of $3,000.

That the court finds that the complainant is a railroad corporation duly organized under the laws of the state of Illinois, owning and operating in passenger service 68 miles of electric railway in the counties of St. Clair and Madison, in the state of Illinois.

The court further finds that the defendant Thomas E. Demcy is chairman, and Frank H. Funk, Walter A. Shaw, James H. Wilkerson, and P. J. Lucey are present members, of the Public Utilities Commission of the state of Illinois, that R. Allan Stephens is secretary of said commission, that Edward J. Brundage is Attorney General of the state of Illinois, that Hubert E. Schaumleffel is state's attorney of St. Clair county, Ill., and that Joseph P. Strueber is state's attorney of Madison county, state of Illinois.

The court further finds that complainant's lines of electric railroad are in direct competition with certain steam railroads, to wit, Illinois Central Railroad, Louisville & Nashville Railroad, Southern Railroad, Baltimore & Ohio Railroad, and Pittsburgh, Cincinnati, Chicago & St. Louis Railroad, and that other steam railroads operate in the same territory that is being served by complainant, and that all of the said steam railroads are under federal control, and that complainant is subject to greatly increased operating expenses of the same character as those experienced by the said steam lines of railroad, and that by General Order No. 28 of the Director General of the United States Railroad Administration, dated May 25, 1918, as modified by supplemental order, dated June 12, 1918, certain charges, schedules, rates, and rules, governing passenger fares and baggage charges on all passenger traffic carried by said railroads under federal control, now obtain and are in full force and effect on all said lines of railroad under federal control, and are higher than the rates complainant is permitted to charge under the law of the state of Illinois, and that, if the complainant herein charges, collects, and receives the same rates and charges as are now in force on railroads under federal control, the same will not be unreasonable, nor will the same yield a revenue more than sufficient to pay the cost and expenses of operating complainant's said railroad and the rea-

wherein the Public Utilities Commission of the state of Illinois, predecessor of the present Illinois Commerce Commission, and other public authorities, were enjoined from in-

stituting or prosecuting any action or proceeding of any character to recover any fine or penalty for violation by the plaintiff of the Illinois statute (Smith-Hurd Rev. St.

sonable depreciation accruing upon the physical property thereof, and a fair return upon the fair value of the property used, possessed, and operated by the complainant, used and useful in public service as a common carrier in the transportation of passengers for hire.

The court further finds that the value of the property of complainant, used and useful in furnishing passenger service, is not less than $3,548,991.50; that for the seven months of the year 1919 ending July 31 complainant received from the passenger department of its business, for depreciation and return on the investment, $25,606.77; that all of complainant's operating expenses have greatly increased, especially during the past two years, and in addition to the increased cost of operation reflected in statement of income presented by complainant, the national War Labor Board, on August 12, 1919, rendered a decision increasing the wages of motormen and conductors and shopmen of the company more than 12 per cent., said increase being retroactive to May 1, 1919, which will greatly lessen the amount of return aforesaid, and that it appears that complainant will not have sufficient funds on hand with which to pay the interest on its bonded indebtedness, maturing October 1, 1919, and to continue to operate its railroad and furnish satisfactory service to the public, unless its revenue be increased; and that the provisions of section 233, chapter 114, of the Revised Statutes of Illinois, and the provisions of the act of the General Assembly of the state of Illinois, entitled "An act providing for the regulation of public utilities," approved June 30, 1913, and amendments thereto, which prevent complainant from advancing its rates to a basis of not more than two cents per passenger mile, violate the rights of complainant under the Fourteenth Amendment of the federal Constitution, and that the application of the provisions of said section of the statutes of Illinois and said act, so as to prevent an increase by complainant of its rate to a basis of three cents per passenger mile, will likewise deprive it of its rights under said Fourteenth Amendment.

It is therefore ordered, adjudged, and decreed by the court that the defendants, and each and all of them, and their successors in office, respectively, be and they are hereby enjoined and restrained from instituting or prosecuting any action, suit, or proceeding of any kind or character to recover any fine, penalty, or demand for any violation or alleged violation by the complainant of an act of the General Assembly of the state of Illinois, entitled "An act to establish and regulate the maximum rate of charges for the transportation of passengers by corporations or companies operating or controlling railroads, in part or in whole in this state, and to provide penalties for the violation of the provisions thereof and repealing all acts and parts of acts in conflict therewith," approved May 27, 1907, and all amendments thereto; that said defendants and their respective successors in office be and they are hereby enjoined from instituting any proceeding or taking any action pursuant to the provisions of the act of the

General Assembly of the state of Illinois entitled "An act to provide for the regulation of public utilities," approved June 30, 1913, and all amendments thereto, to prevent said complainant from advancing its ticket fares to a basis of not more than three (3) cents per passenger mile with a ten (10) cent minimum fare, or from maintaining its rates on said basis, and the said defendants are further enjoined and restrained from instituting or prosecuting any action, suit, or proceeding under said Public Utilities Act to punish complainant, or to recover penalties from complainant for advancing its ticket fares to a basis of not more than three (3) cents per passenger mile with a ten (10) cent minimum fare, or from maintaining its rates on said basis, and the said defendants are further enjoined and restrained from instituting or prosecuting any action, suit, or proceeding under said Public Utilities Act to punish complainant, or to recover penalties from complainant, for advancing its ticket fares to a basis of not more than three (3) cents per passenger mile with a ten (10) cent minimum on interurban traffic, or from maintaining its rates on said basis.

This injunction is granted on condition that said complainant shall not attempt to put in force ticket fares on a basis of more than three (3) cents per passenger mile, with a ten (10) cent minimum, with train fare five (5) cents additional when ticket fare is thirty (30) cents or less, and ten (10) cents additional when ticket fare is thirty-one (31) cents or over; and, if said complainant shall put in force or attempt to put in force fares on a basis of more than the rates of fare above specified, without having first applied to and obtained permission from this court, or from some state authority having jurisdiction in the premises, then this injunction shall be inoperative.

It is further ordered that the Attorney General of the state of Illinois and the members of the Public Utilities Commission of the state of Illinois, the other defendants, and the complainant, or any or either of them, may at any time hereafter apply to this court in this proceeding by bill, petition, or otherwise, for any further order or decree in modification of this decree, whenever it shall appear that, by reason of a change in circumstances, a modification hereof may be equitable or proper, or whenever it shall appear that the effect of this decree is to protect the complainant against the establishment and enforcement by the public authorities of Illinois of rates which are not in fact confiscatory and violative of the rights of complainant under the Fourteenth Amendment of the federal Constitution. Until and unless such a subsequent modification of the terms of this decree be had and entered, the same shall remain in full force and effect, and for the purpose of hearing and determining any such application for the modification of this decree the court hereby retains jurisdiction of this cause.

It is further ordered that the complainant advise the court from time to time of any action taken under this decree and the results thereof.

1925, c. 114, § 154), commonly known as the two-cent fare law and from instituting any action to recover penalties or fines from plaintiff because of any increase in its rates in pursuance of said decree. Said injunction was granted upon condition that the plaintiff not attempt to put in force any ticket fares upon a basis of more than three cents per mile, with a ten-cent minimum fare. The decree provided that any of the defendants might thereafter apply for modification of the decree and that the court retained jurisdiction of the cause.

The court in said decree found that the plaintiff is a railroad corporation duly organized under the laws of the state of Illinois operating in passenger service 68 miles of electric railroad in the counties of St. Clair and Madison and that the said lines are in direct competition with certain steam railroads; that to enforce the two-cent fare law would violate the rights of plaintiff under the Fourteenth Amendment of the United States Constitution and confiscate complainant's property.

The petition now filed represents that certain conditions have changed with regard to the character of the traffic handled by the plaintiff, the districts in which it operates and the ordinance under which it operates. The petitioners represent that the plaintiff is not a steam road, and is not in direct competition with steam railroads, but there is no averment that the plaintiff's line is not incorporated under the act of the Illinois Legislature (Smith-Hurd Rev. St. 1925, c. 114, § 1) providing for the incorporation of railroads. The contention of the petitioner is that, independent of whether plaintiff was incorporated under the act aforesaid, its character is to be determined by the character of its traffic and its location and mode of operation, and that, considering such, it is not a railroad, but a public utility—i. e., a street railway; that the two-cent fare law does not apply, but that the rates are to be fixed, as provided by law, by the Illinois Commerce Commission. The ordinance under which the plaintiff operates in the city of Belleville stipulates that the rates may be fixed by the Commerce Commission or such other legal body as may have jurisdiction.

The plaintiff contends that, so far as the enforcement of the two-cent fare law is concerned, its character is to be determined by the fact that it is incorporated under the act providing for the incorporation of railroads; that no other facts are material; that

the Commerce Commission is powerless to permit a railroad to violate the two-cent fare law, and that its rights, therefore, can be adequately protected only by continuation of the injunction heretofore entered. There is before the court at this time no showing, no contention, that the limits of rates fixed in said final decree as conditional to the issuance of the injunction will be more than sufficient to prevent confiscation of plaintiff's property. The sole question is whether the plaintiff should be held to be a railroad, subject to the provisions of the two-cent fare law, or a public utility, unaffected by that law, whose rates must be fixed by the Illinois Commerce Commission.

[1] The Illinois Legislature and courts recognize two kinds of railroads, viz.: Railroads organized under "An act to provide for the incorporation of associations that may be organized for the purpose of constructing railways maintaining and operating the same" (Smith-Hurd's Rev. St. 1925, c. 114); and other railroads commonly known as street or interurban railways, organized under the general Incorporation Act. Section 1 of the aforementioned Railroad Act provides that any number of persons not less than five may become an incorporated company, for the purpose of constructing and operating any railroad in the state. The act fixes and defines the duties and powers of railroads. The Illinois Public Utilities Act grants to the Illinois Commerce Commission the power to fix rates of public utilities, but contains the exception that nothing in the act shall be construed to repeal the two-cent fare law. The latter law makes it unlawful for any railroad to charge in excess of two cents per mile for the carriage of adult passengers, provided the minimum charge be not less than five cents, and fixes certain penalties for violation thereof. It follows from these two acts that the Illinois Commerce Commission has no power to fix rates in contravention of the last-mentioned law for carriage upon railroads, but that upon street railways or other public utilities the commission has the power to fix any reasonable rate.

In the case of David Bradley Manufacturing Co. v. Chicago & Southern Traction Co., 82 N. E. 210, 229 Ill. 170, the Supreme Court of Illinois said: "A corporation organized under the general Railroad Act cannot be both a railroad and a street railway. * * * A corporation organized under the general Railroad Act should be regarded and treated as a commercial railroad, having the regular pow-

er of eminent domain, notwithstanding its articles of association state the purpose of the corporation to be to construct and operate a street railroad, since the statute, and not the statement in the charter with reference to the objects of the corporation, controls its charter powers." In the later case of Chicago & Southern Traction Co. v. Illinois Central R. R. Co., 92 N. E. 586, 246 Ill. at page 147, the same court said: "The mere fact that a part of the connected line of a commercial railroad organized under the general Railroad Law is within the limits of a city does not make the portion within such city a street railway." In the case of Schlauder v. Chicago, etc., Co., 97 N. E. 235, 253 Ill. 158, the court said: "The defendant being organized under the general act for the incorporation of railroads, its railroad is a commercial railroad, and we so decided in Bradley Mfg. Co. v. Chicago & Southern Traction Co. [82 N. E. 210] 229 Ill. 170. It has the rights and is subject to the burdens imposed by law upon railroads so organized, and the statute concerning fencing and operating railroads applies to it." These cases were followed by the Appellate Court of Illinois in the case of Roy v. E. St. Louis & Suburban Railway Co., 119 Ill. App. 313, wherein the present plaintiff was held to be a railroad subject to all the burdens of such a corporation and whose powers were limited to those of such a corporation.

[2] It follows from these decisions that the plaintiff, having been organized as a railroad under the Railroad Act, is subject to all of the burdens of such a corporation; that its powers are those of such a corporation; that, inasmuch as the two-cent fare law of Illinois forbids such corporation to fix fares at more than two cents per mile, the plaintiff is estopped to deny that it is bound by such act; and that the Illinois Commerce Commission can grant to plaintiff no relief in excess of that allowed by the two-cent fare law. In the absence of the decree herein entered, the authorities would have the right and be under the duty to proceed to collect the penalty provided by law, should the plaintiff charge fares in excess of two cents. To the collection of such penalties the plaintiff, in view of the fact that it is organized as a railroad under the Illinois act providing for the incorporation of railroads and their operation, would have no defense.

[3] The petitioner's contention that whether the plaintiff is a railroad, bound by the two-cent fare law, is to be determined by consideration of the character of traffic han-

dled and other facts cannot be sustained. The cases cited do not support such contention. In the case of Harvey v. Aurora & G. Ry. Co., 51 N. E. 163, 174 Ill. 295, the court holds that the power and the status of the corporation are to be determined by a consideration of the statute under which it is organized. In Wilder v. Aurora, etc., Traction Co., 75 N. E. 194, 216 Ill. 493, the court held that the character of the company incorporated under the Railroad Act was that of a railroad. The court went further, and said that the facts showing that it was an electric line, doing business locally as a street railway company, as well as between different cities, did not alter its status. This court is of the opinion that the latter consideration of the facts was unnecessary, in view of the later decisions above cited herein. In the case of Spalding v. Macomb & West Illinois Railway Co., 80 N. E. 327, 225 Ill. 585, there is no showing in the opinion as to what statute the road was incorporated under. The court was forced to determine the character of the corporation from the averments of fact of the bill of complaint, which were admitted by the demurrer.

[4] True it is that in the cases of Hartzell v. Alton, Granite & St. Louis Traction Co., 104 N. E. 1080, 263 Ill. 205, and Shea v. Cleveland, C. C. & St. L. Railway Co., 95 N. E. 63, 250 Ill. 97, the court held that, although the respective corporations were organized under the general Incorporation Act as street railways, yet in view of the fact that in each instance the company had assumed to operate its line through the country, outside of and between various municipalities, as well as within the same, it was necessary, so far as the duty to fence its line and to comply with the statutes regarding safety of the public, to treat it as a railroad, bound by the duties of railroad companies, and that, if a corporation exercise the privilege of a railroad corporation, it will be estopped to deny the liabilities of such a company. But in the opinion of this court these two decisions and any similar holdings are not in any wise in conflict with the true ground of decision in the present instance. There is no holding in those cases that a railroad, incorporated as such under the Railroad Act, may escape liability under the provisions of that act as to fares or other burdens by showing that it is also carrying on the functions of a street railway, as such are defined. It may well be that, by carrying on such additional functions, it thereby subjects

itself to additional burdens; but it does not thereby relieve itself of the burdens of a railroad to which by its incorporation it is subjected.

Consequently the plaintiff, for the purpose of determining whether or not it is bound by the provisions of the two-cent fare law, must be held to be a railroad. This court has found that the two-cent fare law, when applied to plaintiff's operations, confiscates its property and deprives it of its rights under the Fourteenth Amendment to the Constitution. If the maximum limit fixed in the said decree as a precautional condition to the issuance of the injunction, inserted for the benefit of the public, permits of rates more than sufficient to reach the purpose of the decree, the proper parties in interest still have the right to make such showing to the court and obtain modification. This court stands as the duly constituted authority for the enforcement of the Constitution and laws. Its decree was intended to prevent the plaintiff from being deprived of its constitutional rights, and the court, in granting relief, endeavored to make it conditional upon the plaintiff's fixing no rate that would be unfair or unreasonable to the traveling public, or that would permit of an annual return more than sufficient to prevent confiscation. The court remains ready to receive and give full hearing to any showing that conditions have so changed that it is no longer violative of plaintiff's rights to have the two-cent fare law in force, or that the conditions imposed for the protection of the people upon which the injunction was issued were not sufficiently limited to protect the public.

The present petition, presenting no such question, must be denied.